### WILLIAM L. DURHAM v. STATE OF MISSISSIPPI.

#### [52 South. 627.]

CONTEMPT. *Criminal acts. Other remedies.*

> A person guilty of a constructive contempt of court cannot escape punishment when proceeded against therefor on the ground that the acts constituting the contempt subject him to a criminal prosecution.

FROM the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

Durham, appellant, was convicted of being in contempt of court and appealed to the supreme court. The facts are stated in the opinion of the court.

*Scott & Parker,* and *Flowers, Fletcher & Whitfield,* for appellant.

In *Harwell v. State,* 78 Tenn. 544, it was held that "An inquiry of a grand juror as to what had taken place in relation to a certain case was not contempt."

In *McConnell v. State,* 46 Ind. 298, it was held that until a party has been subpœnaed to attend before the grand jury, or a subpœna had been issued for him, it is not contempt of court for a person to induce such person to absent himself in order that he be not subpœnaed.

In such cases the witness is under the direction of the court, or its charge, and persuading him or hiring him to leave would not show any disposition or disobedience to the mandates of the court at all, especially when the man procuring the witness' absence has reasons to believe that such witness is debating the subject as to whether he will purchase immunity for his own admitted, numerous crimes at the cost of that other's liberty

and freedom. Self-preservation is the first law of nature and what would any man do under the circumstances, conceding the truth of all that Rodgers says, which we do only for the sake of argument, then his conduct shows that he wanted to know if he was being used in settlement of another's crime, and if he had not, then to prevent it. The record shows that when he saw that it was too late to protect himself from this kind of trade, he did nothing further toward learning the status of affairs from this man or desiring his absence.

Under Code 1906, § 39, providing that on appeals in contempt cases that the question shall be "Was the defendant guilty of contempt," we believe that the court will not be able to find sufficient cause in this record for the court to say that the defendant was guilty of contempt.

This case presents an instance of the mischief that may result from the exercise on the part of the trial court of the power to punish for constructive contempt. Such a procedure is not favored by the law. The result in nearly every case is that the person accused of contempt is tried by the court without the benefit of a jury trial for conduct which constitutes a violation of criminal statutes, and for which he could be indicted, tried and punished in the regular manner. The case at bar is an illustration of this fact. The conduct charged in the information filed in this case and shown by the proof is perfectly covered by section 1298 of the code which makes it a misdemeanor for any person to "obstruct or impede the administration of justice in any court.

*Carl Fox*, assistant attorney-general, for appellee.

The testimony was ample to sustain the court's finding that Durham had attempted to bribe Rodgers to disclose the secrets of the grand jury room, and to absent himself from the jurisdiction of the court so that he could not be a witness against Durham.

The question remains, therefore, whether or not the facts found by the judge to be true constituted a contempt of court. In 19 Cyc. p. 5, the following definitions are given:

"A contempt is a wilful disregard or disobedience of a public authority."

"A contempt of court is disobedience to the court, by acting in opposition to the authority, justice and dignity, thereof. Contempts may be direct, constructive, criminal or civil."

"A direct contempt is an open insult in the presence of the court to the person of the presiding judge, or a resistance or defiance in his presence to its powers and authority."

"A constructive contempt is an act done not in the presence of the court, but at a distance which tends to belittle, to degrade, or to obstruct, interrupt, prevent or embarrass the administration of justice."

"A criminal contempt is conduct that is directed against the dignity and authority of the court."

"Civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein."

Argued orally by *R. V. Fletcher*, for appellant.

McLAIN, C.

At the January term, 1910, of the circuit court of Lamar county, the appellant was tried, convicted, and sentenced to pay a fine of $100 and ninety days' imprisonment in the county jail for a contempt of court, from which judgment and sentence he prosecutes this appeal.

This case was based on an information filed in said court by the district attorney, alleging, among other things, that appellant approached Hope Rogers, who had been before the grand jury as a witness, and attempted to bribe and induce Rogers to dis-

close to him the secrets of the grand jury proceedings, by trying to persuade the witness to inform him what he (Rogers) had testified to, and whether or not he had testified against him touching certain matters, and also that appellant had endeavored to bribe or hire the said witness, Hope Rogers, to leave the jurisdiction of the court, so that he would not be, and could not be, a witness against appellant. Appellant was duly cited to appear and answer this charge. He did so, and made answer under oath, denying the allegations in the information filed against him. The court then proceeded to investigate the charge by taking the testimony of all witnesses offered by the state and the appellant. This was the correct course to take. *O'Flynn v. State,* 89 Miss. 850, 43 South. 82.

Any act calculated to impede, embarrass, defeat, or obstruct the administration of courts of justice, if committed without and beyond its actual presence, is a constructive contempt, and the court has an inherent right to punish such acts; but, before the court can inflict punishment, the offense must be judicially established. The court in this case examined all witnesses touching this matter, including the testimony of appellant. From an inspection of the record it clearly appears from the testimony of Rogers, that appellant used his best efforts to induce Rogers to inform him (appellant) if he had given testimony before the grand jury against him. He seems to have been apprehensive that he would be indicted by the grand jury, upon the testimony of Rogers, for unlawfully selling intoxicating liquor, and he was very anxious to know if Rogers had testified against him. It appears, further, that appellant tried, before and after an indictment had been returned against him by the grand jury, to persuade and induce Rogers, by the promise of financial aid, to leave the jurisdiction of the court, so that he could not be present to testify against him. All of this was denied by appellant.

It is contended that, as the alleged acts of appellant were misdemeanors punishable under our statute, contempt proceedings were improper. We do not concur in this view. The existence of other remedies for an act amounting to a contempt does not take away the power of the court to punish for contempt.

It is further contended that the evidence was not sufficient to convict defendant. It is true there is a conflict in the testimony; but, taking the record as a whole, we think it shows a case of constructive contempt. The court was the trier of the facts, and it is presumed had no desire to reach any result in it, except that to which the evidence conducted. The trial judge heard the witnesses testify, and was in a position to determine their credibility, and to give such weight to the testimony of each as in his judgment it was entitled to.

We do not feel warranted in disturbing the judgment as rendered by the court, except to modify the same, so as to make it conform to section 999 of the Code of 1906, by striking out the words "ninety days," and substituting in lieu of same "thirty days." Section 39, Code 1906.

PER CURIAM. The above opinion is adopted as the opinion of the court.

*Affirmed.*