## M. V. AARONS v. STATE.

### [62 South. 419.]

CONSTRUCTIVE CONTEMPT. *Acts constituting.*

Where in a criminal case a witness absconded and concealed himself at the request of the brother of a defendant, for the purpose of evading the service of a subpoena afterwards to be issued, he is guilty of a constructive contempt of court and subject to a fine.

APPEAL from the circuit court of Amite county.

HON. E. E. BROWN, Judge.

M. V. Aarons, was adjudged guilty of contempt of court and fined from which he appeals.

The facts are fully stated in the opinion of the court.

*R. S. Stewart,* for appellant.

There is no statute on the books declaring the dodging or evading of process a violation of the law or mak-

ing same punishable in any manner through or by a
criminal proceeding, and while there was at common law
such a thing as contempt, and punishment prescribed
therefor, yet at the common law, so far as the writers
of this brief have been able to learn, the acts charged
against the contemnor were not regarded as contempt,
and were we to borrow the rule of the common law at
all, in the trial of contempt matters, we would be bound
to follow the further rule, that an answer purging the
contemnor is conclusive and is a full and complete excul-
pation of the charge, and the contemnor must be dis-
charged, and if he has answered falsely, then he may be
proceeded against for perjury.

Bear in mind that the record in this case shows, and
in fact the prosecution admits that the appellant was
never served with process, subpoena or any order com-
manding his appearance as a witness or other compulsory
process, and therefore the several sections in the Code
authorizing the court to punish any defaulting witness
who has been personally served, cannot apply here.

All of said sections are predicated upon the fact that
there has actually been a legal personal service of pro-
cess upon the defaulting party, without which the court
could not have jurisdiction, and inferentially at least
even these sections announce and establish the doctrine
that where there is no service of process there can be no
disobedience, and where there is no disobedience there
is no contempt, and where there is no contempt there can
be no punishment.

The very foundation and rock bottom of the proceed-
ing against the appellant is the charge that he was a
material witness in the case of the *State* v. *McDaniel,*
and that he wilfully and unlawfully secreted and con-
cealed himself so that the subpoena issued on him could
not be served, and an answer to this question ought to
settle this case in our judgment for the appellant. Does
the fact that one who dodges and conceals himself there-

by avoiding the services of process upon him, make him' guilty of contempt?

This is a novel question under our jurisprudence, and one that the court has never been called upon to settle, and in fact the search of counsel for the appellant has disclosed but two cases, in all the Union wherein this question has been settled.

But taking our own statute which empowers the court to punish for contempt, see Section 999, Code 1906, it will be noted we contend that the acts charged against the contemnor do not fall within the condemnation of the statute.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

It is contended by the appellant that he could not be held in contempt of court because he had not been subpoenaed as a witness and the question at issue is as to whether concealing himself with full knowledge of the fact that he was a witness and the process was issued for him and that officers were endeavoring to locate him and serve them on him would constitute a contempt. In the case of *Durham* v. *State,* 52 So. 627, the court said, in defining a contempt:

"Any act calculated to impede, embarrass, defeat or obstruct the administration of courts of justice, if committed without and beyond its actual presence, is a constructive contempt, and the court has an inherent right to punish such acts; but, before the court can inflict punishment, the offense must be judicially established."

In Cyc., vol. 9, page 6, under the head of constructive contempt and criminal contempt, paragraphs 3 and 4, the court said: "A constructive contempt is an act done not in the presence of the court but at a distance which tends to belittle, to degrade or obstruct, interrupt, prevent or embarrass the administration of justice. A criminal contempt is conduct that is directed against the dignity and

authority of the court.'' See, also, *Holbrook* v. *Ford,* 153 Ill. 633; 39 N. E. 1091; 46 Am. Rep. 917; 27 L. R. A. 324; *Stewart* v. *People,* 4 Ill. 395; *Kyle* v. *People,* 72 Ill. App. 171; *Welch* v. *Barber,* 52 Am. Rep. 567; *Lester* v. *People,* 41 Am. Rep. 375; *Ex parte Robinson,* 22 Tex. App. 628; 11 Am. State Rep. 207, and note; *Ex parte Ahmen,* 77 Cal. 198; 11 Am. State Rep. 263; *U. S.* v. *Shipp,* 214 U. S. 386; 53 L. Ed. 1041.

Argued orally by *R. S. Stewart* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

SMITH, C. J., delivered the opinion of the court.

Appellant, upon an information filed by the district attorney, was adjudged in contempt of court and sentenced to pay a fine of one hundred dollars.

The facts are: At the October term of the court below one Marvin McDaniels was indicted for murder. He was arrested while the court was in session, and two or three days thereafter had a subpoena issued for appellant as a witness in his behalf. This subpoena was returned ''Not found,'' and thereupon other subpoenas were issued, directed to the sheriffs of Amite, Franklin, and Lincoln counties, all of which were returned ''Not found.'' When his case was called for trial, McDaniels obtained a continuance on account of the absence of appellant and another. Appellant was in the town where the court was being held at the time of McDaniels' arrest, but immediately left, and, instead of going to his home, absconded and concealed himself, so that he could not be found when the subpoenas were issued for him.

The court was well warranted in believing that he absconded and concealed himself at the request of a brother of McDaniels, for the purpose of evading the service of the subpoena afterwards to be issued. This conduct of appellant was calculated and intended to impede, embarrass, and obstruct the administration of justice, and

therefore constitutes constructive contempt of court. *Durham* v. *State,* 97 Miss. 549, 52 South. 627. There is no merit in any of appellant's contentions.

*Affirmed.*