HIGGINS, et al. *v.* STATE.

Division A

January 14, 1952

No. 38266                                 56 So. 2d 61

*John C. Sullivan, G. L. Martin,* Jackson, for appellants.

*Geo. H. Ethridge,* Asst. Atty. General, Jackson, for appellee.

ARRINGTON, C.

The appellants, John B. Higgins and Grady D. Allen, were adjudged guilty of a constructive contempt of Court by the Chancery Court of Rankin County, Mississippi. Fine and imprisonment was imposed upon each of the appellants in the amount of $500.00 and thirty days in jail; $400.00 of the fine and the jail sentence upon appellant Higgins was suspended during good behavior.

The Attorney General has suggested the death of John B. Higgins pending this appeal and his appeal will be remanded to the files.

This contempt proceeding was the result of fifty-eight suits filed in the Chancery Court of Rankin County by John B. Higgins, at the instance of the appellant Allen, who employed Higgins for this purpose. The suits were filed under authority of Sections 2639 and 2640 of the Mississippi Code of 1942. Section 2639 is as follows: "Any person who may sell or give away malt, vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business, for any purpose whatever, or shall knowingly permit any person not interested in or connected with such business to keep and drink or give away at such place of business any vinous, malt or spirituous liquors, shall be subject to pay to the state, county, city, town or village, where the offense is committed, each, the sum of five hundred dollars; and the state, county, city, town or village, or any taxpayer of the state, county, city, town or village in the name thereof, or the state tax collector, or any sheriff within the county acting for them, may sue for and recover civilly, either jointly or separately, each said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond."

Section 2640 gives the chancery court concurrent jurisdiction with courts of law to entertain suits under Section 2639. Thirty-two suits were filed on January 29, 1949, in the name of L. G. Melvin, a resident citizen and taxpayer of Rankin County, against various defendants, charging them with the sale of intoxicating liquors and praying for a decree against each defendant in the amount of $1,000.00, $500.00 for the State of Mississippi and $500.00 for Rankin County. On February 6, 1949, Melvin filed motions to dismiss the suits on the ground that he had not authorized the filing of said suits. Higgins advised Allen that before other suits could be filed, he would have to get someone who was a taxpayer in Rankin County in whose name they could file the suits. At this time, the appellant Grady Allen, who was a resi-

dent citizen of Hinds County, but who owned property in Rankin County, by deed conveyed to Claude L. Wiles on February 8, 1949, real estate in Rankin County. Wiles paid the taxes on this property and on February 24, 1949, twenty-six additional suits were filed in the name of Wiles as a taxpayer against various defendants. The evidence showed that Wiles was a resident citizen of Harrison County, Mississippi. On March 2, 1949, Higgins filed a motion to dismiss the twenty-six suits after receiving a telegram from Wiles to do so.

On February 28, 1949, a hearing was held by the Chancery Court of Rankin County on the motion of Melvin to dismiss the thirty-two suits. At the conclusion of this hearing, the court entered an order appointing three members of the bar to investigate the filing of the above suits, in that the interested parties were probably guilty of contempt; that they attempted to impede, embarrass, obstruct, defeat and corrupt the administration of justice by certain acts and conduct on their part outside and beyond the presence of the court, and that information be filed for further action by the court. Pursuant to said order appointing the attorneys, information was filed on March 9, 1949, charging appellants Higgins, Allen, and others with contempt of court. The information is lengthy and will not be set out in full, but only the main charges as apply to appellant Allen: Allen employed Higgins to file the fifty-eight suits and that after Melvin denied authorizing Higgins to file suit in his name, the appellant Allen conveyed real estate to Wiles for the purpose of filing the twenty-six suits; "That the proceedings were not brought in good faith to recover the penalties sued for but they were willfully and corruptly instigated and filed through and under the influence of the said Grady D. Allen in an attempt and with the willful and corrupt intention then and there to harass, embarrass and intimidate the Sheriff of Rankin County, Mississippi, and all other executive officers of said Ran-

kin County, Mississippi''; that Allen had constructed in Rankin County an expensive building at an estimated cost of $40,000.00, with the intention of using said building in activities which were in violation of the laws of the State of Mississippi; and that the Sheriff of Rankin County, Mississippi, had denied to the appellant Allen the right to engage in such unlawful activities in said building; that the proceedings were not brought in good faith to protect the interest of Rankin County and the State of Mississippi, and concluded as follows:

''That all these proceedings were tainted with corrupt purposes from their very inception and constitute a fraud upon the jurisdiction, powers and processes of this Court and were calculated and intended to impede, embarrass, obstruct, defeat and corrupt the administration of justice of this court and to belittle the dignity of this court and its lawful processes. That such willful and corrupt acts and conduct on the part of the said L. G. Melvin, John B. Higgins, Grady D. Allen and Claud L. Wiles, constitute a contempt of this Court and they and each of them should be cited to appear before this Court at a time and place to be fixed by this Court for such hearing, then and there to show cause, if any they can, why they should not be adjudged in contempt of this Court and punished therefor.''

The only pleading filed by the appellant Allen to the information was a motion to quash, which was overruled. Upon the trial of the case, the State introduced in evidence the entire fifty-eight suits, and the testimony of the witnesses Higgins, Allen and Melvin taken on the hearing on the motion to dismiss. Sheriff Mashburn of Rankin County testified with reference to the two-story brick building erected by Allen. Although he did not testify as to its value, he stated that there was a large bar on the first floor, the kind seen in liquor establishments, and that he visited the place on a number of occa-

sions to observe if there were any violations of the law. The appellant Allen did not testify in his own behalf.

Higgins testified in his own behalf and admitted that he was employed by Allen to file the fifty-eight suits. With reference to a motion to substitute Allen as complainant in the place of Melvin, he testified as follows:

"Q. . . . Now wasn't it with respect to some statement made by his honor after the conclusion of that trial, the hearing?

"A. Well, the whole transaction there and all with reference to it, your honor, was the reason that I wasn't in favor of having anything more to do with it, just to be frank with you.

"Q. Wasn't there, Mr. Higgins, some remark made by his honor as to this being a war between bootleggers?

"A. Yes, sir, that was the reason we didn't file it. I want to make this statement, your honor, when I went into the transaction of these lawsuits I didn't know that there was any controversy up here between Mr. Allen or anybody else in Rankin County. I was absolutely innocent of the matter. I didn't know what motive Mr. Allen had, if he had any, to file the lawsuits and didn't go into that question with him. I will say this, if I had known then what I know now, I never would have filed it. I wouldn't have had anything to do with it at all."

At the conclusion of the hearing, the lower court found that the fifty-eight suits were not filed in good faith, but for some private purpose of Allen and "that was an abuse of the Court and of its processes in instituting suits not for the purpose contemplated by the Statute but for the own private ends of Mr. Allen, and by doing such, he was obstructing and embarrassing the Court in its normal function and obstructing justice."

There are a number of errors assigned, but the only one argued is that the evidence is insufficient to support the guilt of appellant. █ █ We have carefully examined all of the evidence in this record and find that it is

sufficient to support the guilt of appellant beyond all reasonable doubt. Constructive contempt was defined in the case of Sullens v. State, 191 Miss. 856, 4 So. 2d 356. There the Court said: "Constructive contempt has been defined as 'any act calculated to impede, embarrass, obstruct, defeat, or corrupt the administration of courts of justice, when the act is done beyond the presence of the court.' Knox v. State, 160 Miss. 494, 135 So. 206, 207; similar definitions appear in Watson v. Williams, 36 Miss. 331; Shattuck v. State, 51 Miss. 50, 24 Am. Rep. 624; Durham v. State, 97 Miss. 549, 52 So. 627; Aarons v. State, 105 Miss. 402, 62 So. 419, Ann. Cas. 1916E, 263; Prine v. State, 143 Miss. 231, 108 So. 716, 717; Brewer v. State, 176 Miss. 803, 170 So. 540; City of Biloxi v. Lowery, 179 Miss. 364, 175 So. 200; Sammons v. State, 181 Miss. 45, 178 So. 596." Compare Melvin, et al. v. State, 210 Miss. 132, 48 So. 856.

■■■■ "Willful abuse of legal process, such as instituting, or procuring the institution of, unauthorized or fictitious proceedings or suits, or obtaining court orders by fraud or deceit, provided the other party is prejudiced thereby, is contempt, where such acts obstruct or tend to impede the due administration of justice." 17 C. J. S., Contempt, Sec. 10. See also 12 Am. Jur., Contempt, Sec. 9.

We are of the opinion that from all of the evidence in this case, the fifty-eight suits were not filed in good faith, but for Allen's own purpose, which was to unlawfully operate his bar without interference from the law enforcement officers of Rankin County.

Affirmed.

PER CURIAM. The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.