## Case No. 10,759.

### PARKHURST v. KINSMAN et al.

[2 Blatchf. 76;[1] 1 Fish. Pat. Rep. 173.]

Circuit Court, S. D. New York.    Feb. 16, 1848.

INJUNCTION — ATTACHMENT FOR CONTEMPT — SPECIFIC ACTS—INTERROGATORIES.

1. A plaintiff, in moving for an attachment against a defendant for contempt of court in not obeying an injunction, must state, in the proofs on which the application is founded, the specific acts of omission or commission which constitute the alleged contempt.

2. When, in such a proceeding, the defendant is ordered to answer interrogatories to be filed, such interrogatories must be limited to the particular offences so alleged, and must not inquire in regard to matters not charged specifically in such proofs.

3. Nor can the plaintiff require the defendant to answer interrogatories as to particulars which are charged on information and belief, and are not established by direct evidence.

4. Interrogatories which were unauthorized having been demurred to by the defendant, and he having answered taking issue upon others: held, that he was entitled to recover his costs on the demurrer, but the enforcement of the costs was stayed until the issues on the interroga-

———
1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

tories answered should be disposed of. Held, also, that the proper mode of proof on such issues was by testimony taken orally before a master.

[This was a bill in equity by Stephen R. Parkhurst against Israel Kinsman and James W. Hale, and is reported as first heard upon the application of the defendant Kinsman to have reduced the amount of the bail for which he was held under arrest. Case No. 10,761.]

An injunction having been granted against the defendant Kinsman, on the filing of the bill, restraining the sale by him of certain machines constructed according to a certain patent issued to the plaintiff (see Parkhurst v. Kinsman [Cases Nos. 10,757 and 10,758]), it was served upon him, and afterwards, on the filing of affidavits charging a violation of the injunction by sales of the machines, an attachment was issued against him. On his arrest, twenty-five interrogatories were filed by the plaintiff. To two of the interrogatories and part of a third the defendant answered, taking issue on them. He in substance denied or alleged matter in avoidance of a fourth, and demurred to twenty-two and part of another. The only interrogatories which related directly to the specific acts of contempt on the part of the defendant, in violation of the injunction, which were charged in the affidavits for the attachment, were two of those on which the defendant took issue. Three of the interrogatories demurred to inquired as to collections and receipts of money by the defendant generally, from sales of the patented machine, but did not apply directly to the collections and receipts on the sales specified in the said affidavits. The questions arising as to the proper mode of procedure on the issues of fact so joined and the demurrers so taken, were now argued.

James W. Gerard, for defendant.

Seth P. Staples and George Gifford, for plaintiff.

THE COURT held: 1. The proper mode of proof by the parties on the facts in issue between them in this case, is by testimony taken orally before a master.

2. It is incumbent on a plaintiff, in moving for an attachment against a defendant for contempt of court in not obeying its process of injunction, to state, in the proofs on which the application is founded, the specific acts of omission or commission on the part of the defendant which constitute the alleged contempt.

3. When, in such a proceeding, the defendant is ordered by the court to answer interrogatories to be filed by the plaintiff, such interrogatories must be limited to the particular offences so alleged against the defendant; and it is not competent for the plaintiff to file interrogatories inquiring in regard to matters not charged specifically against the defendant in the proofs fur-

nished on the application for the attachment.

4. The plaintiff is not entitled to require the defendant to answer interrogatories as to particulars which are charged on the information and belief of the plaintiff or of other witnesses, and are not established by direct evidence.

5. The several interrogatories demurred to by the defendant are unauthorized by law, and are bad in substance; and the defendant must be exonerated from answering them, and is entitled to recover against the plaintiff his costs on the demurrers to be taxed, but the enforcement of such costs must be stayed until the matters in issue between the parties on the interrogatories answered shall have been disposed of.

6. There must be a reference to a master to take the proofs of the respective parties upon the issues joined, and report the same to the court with all convenient speed.

[NOTE. Upon the hearing upon the merits in this case there was a decree for plaintiff, with reference to master to take an account. Case No. 10,757. The final decree awarding damages was affirmed by the supreme court. 18 How. (59 U. S.) 289.]