## GRACE *v.* STATE.

[67 South. 212.]

CONTEMPT. *Constructive contempt. Proceedings. Process. Affidavit.* Where an attorney was charged with contempt, in that he altered a motion for a continuance, without the consent of the court, after the motion had been overruled, such a contempt was constructive and not direct, and could be prosecuted only upon affidavit or application to show cause properly charging the specific acts constituting the offense, and a conviction is void when it is based only on a citation directing him to appear and show cause why he should not be punished, and which contains no statement of the facts constituting the alleged contempt.

APPEAL from the circuit court of Sunflower county. HON. F. E. EVERETT, Judge.

M. B. Grace was convicted of contempt and appeals. The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

The invariable rule in all cases of constructive contempt seems to be the first step taken, an affidavit, indictment or information of some character, informing the appellant of what he is in contempt for, and the nature of the charge must be filed, and citation issued on same, citing the defendant to show cause, if any he can, why he should not be dealt with for the alleged offense. *Durham* v. *State,* 97 Miss. 549, 52 So. 627; 9 Cyc. 38.

It has been held, the court may act on its own motion and make the accusation. It must be in writing, and set forth facts sufficient to constitute an offense. *State* v. *Frew,* 24 W. Va. 416, 49 Am. Rep. 257.

The statement, affidavit, indictment or information, being jurisdictional, should show on its face sufficient facts constituting the contempt. Without this information, affidavit or indictment, the court has no jurisdiction, and no right to hear any evidence at all until the defendant has been informed of what he is charged with and expected to answer. *Wyatt* v. *People,* 17 Colo. 252 28 Pac. 961; *State* v. *Allen,* 14 Wash. 684.

The rule to show cause should inform the defendant of the nature of the alleged contempt. It may not inform him of all the facts, but it must give him sufficient notice of what he is expected to meet. The citation in this case merely cited the defendant to appear and show cause, if any he could, why he should not be punished for contempt of that court.

It is not the policy of the law for a court to cite a man to appear before it to answer the charge of contempt,

take up a motion in a civil matter and when the court has heard it, pass its sentence upon the defendant. A ·contempt proceeding partakes of all the requisites of a criminal proceeding, except, the court is the judge and jury. The burden is upon the state just the same as in criminal cases; that is, where the alleged offense is ·committed outside the presence of the court. Of course, if the offense is committed in the presence of the court, no evidence is necessary, and no indictment, affidavit or information is necessary.

When the affidavit, indictment or information has been lodged with the court, and the defendant cited ac-·cording to law, the defendant has the right to answer the affidavit, indictment or information in some way, and if he does not, then the burden is upon the state to prove him guilty beyond a reasonable doubt; in other words, that the defendant wilfully, unlawfully and intentionally committed, and did the thing he is cited to answer for, and the state must prove the allegations of the affidavit, indictment or information to the satisfaction ·of the court. It may be the information of the court, ·or an affidavit filed on the motion of the court himself. *Dobbs* v. *State,* 55 Ga. 227; *Ex parte Adams,* 25 Miss. 883; 9 Cyc. 45.

It is obvious from the record in this case, the court ·did not believe the appellant wilfully amended the application after the court had passed upon it, because the court only fined the appellant twenty-five dollars for the alleged offense and entered judgment accordingly.

*Ross A. Collins,* Attorney-General for the state.

Appellant attacks the nature of the accusation, the jurisdiction of the court, and the competency of the evi-·dence upon which the judgment was predicated. As to the nature of the accusation, the record shows that citation was issued to the sheriff of Leflore county, commanding him to cite the appellant personally to appear

before the circuit court of Sunflower county to show cause, if any he could, why he should not be punished for contempt of said court in a certain matter pending in said court, styled, *Mrs. R. A. Wilder* v. *F. F. Ferguson*, No. 2593.

The citation was sufficient in every respect to inform the appellant of the preferred charge as in proceedings for contempt of this kind, the same particularity is not applicable as to indictments and does not apply as to the practice in such summary proceedings. See *Shattuck* v. *State*, 51 Miss. 50, and authority cited therein. The contention of appellant to the effect that the court had no authority to issue citation *sua sponte* is wholly without merit, for to so hold would be in fact to deprive the court of record of its inherent right to punish for contempt. To so punish parties indulging in acts constituting either direct or constructive contempt is an inherent right pertaining to a court of record independently of any statute and beyond all legislative control as far as the summary character of the proceedings are concerned. It is well doubted if exercise of this power by the court may be curtailed even by constitutional restrictions. In this case citation was issued to appellant to show cause why he should not be adjudged in contempt, and appellant was given, and availed himself of the chance to purge himself of the charge. He says that the court had no right to order the citation and that it would have to issue at the behest of some one else; if this were true, it would be depriving the court of an inherent and uncontrollable power, and accomplish by indirection what could not be done directly. Under proceedings of the kind the judge displaces the jury and his findings of facts are only to the same extent reviewable. He was convicted of appellant's guilt beyond a reasonable doubt, and only where the judgment is manifestly wrong will this court interfere therewith.

The right of appeal in such cases is conferred by sta-
tute in our state and does not exist independently of
such statutes.

On the subject of contempts the following authorities.
are pertinent and amply sustain the foregoing con-
tention: 25 Miss. 883; 59 American Decisions, 234; 36
Miss. 331; 51 Miss. 50, or 24 Amer. Rep. 624, also the
authorities cited in appellant's brief. In conclusion, I
submit that the proceedings in this cause were regular
in every respect and the evidence in the case was suffi-
cient fairly to produce a conviction in the mind of the
judge and that his judgment thereon should be affirmed..

REED, J., delivered the opinion of the court.

Appellant, an attorney at law, was adjudged guilty
of contempt by the circuit court and fined twenty-five
dollars.

We gather from the testimony taken on the hearing
that the alleged contempt consisted in appellant's mak-
ing certain changes in a motion for continuance in a
civil suit, in which he was attorney for the plaintiff,
without the consent of the court, and after the motion
had been overruled.

The trial judge and attorneys representing the de-
fendant testified that consent was not given by the
court to the making of the amendments and that they
did not have any knowledge of the alterations in the
motion until for a time after they were made.

Appellant testified that, when the application for
continuance was called for hearing, he informed the
court that he desired to make some changes in the mo-
tion; that he then stated the amendments he wished
to make, and proceeded with his argument of the mo-
tion, believing that the court understood and con-
sented to the proposed changes. In his testimony, ap-
pellant further said he understood that the court had'
granted him permission to write the alterations and

additions in the motion after it had been passed on, and that thereupon, after the hearing, he made the changes therein.

The record does not contain any rule against appellant to show cause why he should not be punished for contempt. No order of the court as a foundation for the citation is therein set forth. It is definitely stated in the record that "no motion, petition, bill, or other complaint," setting forth the contempt charged, was on file in the circuit court against appellant. The citation was ordered issued by the trial judge at his own instance, when a motion was made to strike out the certain amendments, etc., made in the motion for continuance. The citation served on appellant did not contain a statement of the facts which constituted the alleged contempt. It only cited him to appear at a certain hour and day and show cause why he should not be punished for contempt of court in a certain matter pending in the court. Appellant was not given information in the citation or in any other way of what the charge against him consisted of, so as to enable him to make his defense.

There is no direct contempt (that is, contempt committed in the presence and view of the court) shown by the facts in this case. If there is contempt in what was done, then it is constructive contempt; that is, an act done not in the presence of the court, but which tends to obstruct, interrupt, or embarrass the administration of justice. In constructive contempt there must be a proper foundation laid before process issues, and the application or foundation of contempt must contain a statement of that which constitutes the contempt. Ency. Plead. & Prac. vol. 4, p. 776; *Parkhurst* v. *Kinsman*, 2 Blatchf. 76, Fed. Cas. No. 10,759; *Ex parte Wright*, 65 Ind. 504.

In *Parkhurst* v. *Kinsman, supra,* it was held that in moving for attachment for contempt, plaintiff must

state in the proofs, on which the application is founded, the specific acts or omissions which constitute the alleged contempt.

We quote from the opinion in the case of *Ex parte Wright, supra*:

"A contempt of court is either direct or constructive or, as the latter was anciently called, consequential. A direct contempt is an open insult, in the face of the court, to the person of the judges while presiding, or a resistance to its powers in their presence. A constructive contempt is an act done, not in the presence of the court, but at a distance, which resists their authority, as disobedience to process, or an order of the court, such as tends in its operation to obstruct, interrupt, prevent, or embarrass the administration of justice. For a direct contempt the offender may be punished instantly by arrest and fine or imprisonment, upon no further proof or examination than what is known to the judges by their senses of seeing, hearing, etc.; but, in rendering the judgment and making up the record, the causes of such contempt should be stated. The grounds of a constructive contempt should be stated by affidavit, by the return of some officer, or in some way made known to the court, *prima facie*, by witnesses or otherwise, so that they may be made a part of the record; and this should be done before a rule or writ is granted against the alleged offender. 4 Bl. Com. 283, 286, 288; Tidd, Practice, 478, 482."

It is stated in 9 Cyc. p. 39, that:

"Before a person can be found guilty of a contempt not committed in the presence of the court, he must have due and reasonable notice of the proceeding. A rule to show cause, an attachment, or other process should issue. The usual course is to issue a rule to show cause why an attachment should not issue."

We quote from 9 Cyc. p. 41, as follows:

"The rule to show cause should inform defendant of the nature of the contempt alleged."

In the case of *Stuart* v. *Reynolds,* 204 Fed. 709, 123 C. C. A. 13, it was held that in cases of constructive contempt—

"it is proper to adhere substantially to the method of criminal procedure, except in the matter of jury trial, and the attachment or rule should be like an indictment, to the extent of giving the contemnor an opportunity to defend by informing him concerning the nature and particulars of the offense charged. *Bates' Case,* 55 N. H. 325; *Hurst* v. *Whitly,* 47 Ga. 366; *Langdon* v. *Wayne Circuit Judges,* 76 Mich. 358, 43 N. W. 310; *Re Bradley,* 7 Wall. 364, 19 L. Ed. 214; *Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215."

In Encyclopedia of Pleading and Practice, vol. 4, p. 779, it is said that:

"The almost universal method by which contempt proceedings are begun is by an affidavit, and an examination of the authorities will generally disclose that in all contempt proceedings, save for such as are committed in the court's immediate presence, an affidavit is essential."

In the recently decided case of *Sona* v. *Aluminum Castings Co.,* 214 Fed. 936, — C. C. A. —, it was held (quoting from a headnote):

"In general process of arrest for contempt, not committed in the court's presence, can properly issue only on the filing of an affidavit stating the facts positively and in such a way as *prima facie* to show the commission of a contempt."

In *Wyatt* v. *People,* 17 Colo. 252, 28 Pac. 961, it was declared that a constructive contempt must be brought to the court's attention by affidavit which should state the facts which, if established, would constitute the offense.

It has been held in some cases that the court, even in contempts out of its presence, may act *sua sponte* and without preliminary information institute proceedings. 4 Ency. of Plead. & Prac., p. 776, note; *People* v. *Court of Sessions*, 82 Hun, 242, 31 N. Y. Supp. 373. In *People* v. *Court of Sessions,* there was an order to show cause, and the district attorney was directed to prepare an affidavit from which the order to show cause was granted.

Even where the court proceeds upon its own motion, the party accused must be sufficiently informed of the charge against him, so that he may be able to properly defend against the accusation. The foundation for proceedings in contempt may be based upon an information filed, in which there should be a statement of the facts constituting the contempt. 4 Ency. of Plead. & Prac., p. 781.

We find that the practice in this state in some cases has been to base proceedings in constructive contempt upon information filed in the court by the district attorney. This was so in the cases of *O'Flynn* v. *State,* 89 Miss. 850, 43 So. 82, 9 L. R. A. (N. S.) 1119, 119 Am. St. Rep. 727, 11 Ann. Cas. 530, and *Durham* v. *State,* 97 Miss. 549, 52 So. 627.

We find in the present case that there was no foundation laid for the process issued and served on appellant. There was no affidavit, nor information nor an order of the court preceding the citation. Appellant was not told of the specific acts charged against him. There was no statement of the facts which, if established, would constitute the offense. He was not informed of the nature of the contempt alleged. His trial and conviction was not lawful.

The case is therefore reversed, and appellant is discharged.

*Reversed.*