Ex Parte Redmond.

(Division B.   Feb. 9, 1931.)

[132 So. 328.   No. 29028.]

450

Powell, Harper & Jiggitts, and **S. C. Broom**, all of Jackson, **Truly & Truly**, of Fayette, and **John H. Cook**, of Clarksdale, for appellant.

P. H. Eager, Jr., and Chalmers Potter, both of Jackson, opposed.

Argued orally by Louis M. Jiggitts, for appellant.

Anderson, J., delivered the opinion of the court.

At the July, 1930, term of the chancery court, first district of Hinds county, appellant was adjudged guilty of a direct contempt of the court, and fined one hundred dollars and sentenced to imprisonment in the county jail for thirty days. From that decree the appellant prosecutes this appeal.

This is the second appearance of this cause in this court. The opinion of the court on the first appeal is reported in 156 Miss. 582, 126 So. 485, 489. Reference is

made to the opinion of the court on the former appeal for a statement of the case up to the time of that appeal. The decree appealed from was reversed, and the cause remanded to the trial court (quoting from the opinion) "to the end that the court below may, upon proper proceedings, determine whether or not a direct or constructive contempt is involved here, and, if either is ascertained, that it may dispose thereof."

After the cause went back to the chancery court, the following proceedings were had, during which appellant was not present in the court.

It was shown by evidence that on February 2, 1929, appellant personally filed in the office of the clerk of the chancery court for the first district of Hinds county a motion for a new trial in the disbarment proceedings pending against him in that court; that on that day, while the court was in session, the appellant arose, and stated to the court that he had filed the motion for a new trial; that thereupon one of the counsel of the committee of lawyers prosecuting the disbarment proceedings against appellant arose and stated to the court that in his opinion the language contained in appellant's motion for a new trial was contemptuous, and read to the court the entire motion.

After this evidence, the appellant was adjudged guilty of a direct contempt of the court, and a sentence of thirty days' imprisonment and a one hundred dollar fine was imposed.

The entire proceedings were had without notice to appellant, and without any specification of the grounds of the alleged contempt. If the motion for a new trial constituted a direct contempt of the court, no such specification and notice were required; on the other hand, if the motion constituted a constructive contempt, due process required such specification and notice. Grace v. State, 108 Miss. 767, 67 So. 212.

A direct contempt consists of words spoken or acts done in the presence of the court which tend to embarrass or prevent the orderly administration of justice. The following are some of the examples of a direct contempt: Profanity in the presence of the court; a charge that the presiding judge of the court is ignorant and unfair; fighting in court, or in such close proximity to the court as, in effect, to be in its immediate presence; appearing in the courtroom intoxicated where there are outward manifestations of drunkenness, or when a disturbance in the courtroom is thereby caused. 6 R. C. L. 491.

In Grace v. State, supra, the facts were as follows: Grace was counsel for the plaintiff in a civil action; he made a motion for a continuance of the cause; the motion was overruled by the court; thereupon Grace, without the knowledge or consent of the court, or of counsel representing the adversary party, made what he conceived to be certain material changes in the motion for a continuance. For so doing the court adjudged him guilty of direct contempt. The judgment was reversed on appeal, the supreme court holding that Grace's act in altering the motion for a continuance constituted a constructive, and not a direct, contempt, and that he could be prosecuted only upon a specification and notice to show cause, properly charging the specific act constituting the alleged contempt. In that case, as in the present, the facts constituting the alleged contempt were embodied in a paper on file in a pending cause, and the contents of the paper were brought to the attention of the court.

In Neely v. State, 98 Miss. 816, 54 So. 315, 316, 33 L. R. A. (N. S.) 138, Ann. Cas. 1913B, 281, the court, in discussing what constitutes a direct contempt, used this language:

"A direct contempt is a contempt in facie curiae. It consists of such conduct or language on the part of the contemnor as interferes with the orderly administration of justice. It may consist of an open insult, in the presence of the court, to the person of the presiding judge,

or a resistance to or defiance of the power and authority of the court. 'Misconduct in the presence of the court, which shows disrespect of its authority, or which obstructs or has a tendency to interfere with the due administration of justice, is contempt. Thus, disorderly conduct in the courtroom, or the use of violence, or threatening or insulting language, to the court, witnesses, or counsel, is contempt.' 9 Cyc. 18 and 19. There can be no such contempt of court, unless the trial judge is conscious of it. The testimony in this record falls short of establishing such contempt. There is an entire absence of testimony that the judge knew of the drunken condition of the appellant on the day before he was tried, and there is also no testimony whatever to show that his drunkenness in any wise interfered with the conduct of the business of the court.''

Whenever there is any doubt whether the alleged contemnor has been guilty of direct or constructive contempt, the doubt should be resolved in favor of the latter, rather than the former. And especially where the contempt charged is a criminal contempt, as in the present case. The alleged contemnor will thereby be brought into court, and tried on notice and specifications of the grounds of the contempt.

We are of opinion that, if appellant was guilty of any contempt of the court, it was constructive and not direct contempt.

Reversed and remanded.