JONES *v.* STATE.

In Banc. April 10, 1950.

No. 37352 (45 So. (2d) 576)

**Windham & Cunningham,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Hall, J.**

The sole question presented by this appeal is the sufficiency of the evidence to support a conviction for contempt of court. A special venire had been drawn and summoned for the trial of a murder charge against one Earl Strange. The evidence which the circuit judge

was justified in believing discloses that appellant went to the home of one of the jurors who had been summoned for the trial of that case, this being some four or five miles from appellant's home, and the prospective juror was engaged at work on a water pump with the assistance of a third party; appellant requested the prospective juror to walk out to the barn with him and there appellant approached this juror with the statement "I see you are on the venire on that case up there" and proceeded to advise the juror that there were some things in favor of the defendant that the court would not permit to go to the jury, that the deceased had been running over the defendant, that "they are going to try to keep that off the stand and if you are selected on the jury. I feel like you ought to give the boy a break if they don't bring that out."

In 12 Am. Jur., p. 402, Contempt, Sec. 20, it is said: ██ "The general rule is that a person who attempts to bribe or influence the decision of a juror is guilty of contempt of court, regardless of whether the act which constitutes the contempt is committed in or out of the presence of the court, or whether the juror is actually sworn on a particular case or is only a member of the panel from which a trial jury is to be selected. To be in contempt of court, it is not necessary that a person accomplish his purpose. It is sufficient that he make a wilful attempt, of whatever nature, to influence improperly jurors in the impartial discharge of their duties."

Substantially the same rule is announced in 17 C. J. S. Contempt, Sec. 22b, p. 28-29, and in Sullens v. State, 191 Miss. 856, 4 So. (2d) 356, 360, this court cited a long line of Mississippi decisions and said ██ ██ "Constructive contempt has been defined as 'any act calculated to impede, embarrass, obstruct, defeat, or corrupt the administration of courts of justice, when the act is done beyond the presence of the court.'" One of the authorities cited in the Sullens case is Brewer v. State, 176

Miss. 803, 170 So. 540, 541, which we think is directly in point and wherein, this court said: "When there is a deliberate purpose or calculation to corrupt the administration of justice and that purpose or calculation is accompanied by a definite overt act or declaration on the part of the contemnor, designed to carry that purpose or calculation into effect, the contempt is complete; and the failure of the design becomes immaterial, except as it may have some place in considering the punishment to be inflicted."

Finding that the conviction is abundantly supported by the authorities, the judgment of the trial court is affirmed.

Affirmed.