JORDAN *v.* STATE.

Feb. 16, 1953

No. 38630          20 Adv. S. 11          62 So. 2d 886

*Hammond & Pope,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ROBERDS, P. J.

This is an appeal from an order adjudicating appellant in contempt of court and imposing a fine of fifty dollars and a jail sentence of ten days.

He urges here that the judgment adjudicating him in contempt was void, because no information, or affidavit, charging him with the acts alleged to constitute contempt was made, nor was any notice given him of such proceeding, or any hearing had thereon.

The order adjudging him in contempt was made under these circumstances:

At the June Term, 1952, of the circuit court of Marion County Stanley Barnes was indicted for the unlawful possession of whiskey.

On June 14, 1952, subpoena was served upon appellant commanding him to appear before that court Monday June 16th as a witness in the Barnes case. He duly appeared as such witness. The case was called for trial but was continued to Wednesday, June 18th, of the same week because of the absence of another witness. Announcement was made in open court that all witnesses should be present Wednesday. When the case was called Wednesday Jordan was not present. Barnes made application for a continuance on the ground that Jordan was a necessary witness and was absent. The court sustained that motion and in the same order found that Jordan was in contempt of court by his absence, and imposed said fine and imprisonment. The order specifically recites, as a ground for finding Jordan in contempt, ". . . the said Paul Jordan is disregard of his subpoena to be here has by his disregard and contempt of court caused the said cause to be continued for the term because of his absence in disrespect and in contempt of court; and the court specifically holds that Paul Jordan is in contempt of court for failure to appear as ordered by his subpoena and has given no cause for his failure to appear." It will be noted that no affidavit, or information, setting out the facts alleged to constitute contempt was made; no notice was given Jordan of any charge against him, and no hearing was had upon any charge. It appears from the record that the trial judge construed the action of Jordan to be in direct contempt of the court. ▮▮▮ That was an erroneous conclusion. If an offense was committed it was constructive contempt. ▮▮▮ "Constructive contempt is any act done which tends to impede, degrade, obstruct, embarrass, interrupt, defeat or corrupt the administration of justice when the act is done beyond the presence of the court." Brannon v. State, 202 Miss. 571, 20 So. 2d 916.

▮▮▮ "A direct contempt consists of words spoken or acts done in the presence of the court which tend to em-

barrass or prevent the orderly administration of justice.'' Ex Parte Redmond, 159 Miss. 449, 132 So. 328.

The following cases contain definitions of, or point out the distinctions between, direct and constructive contempt: Knox v. State, 160 Miss. 494, 135 So. 206; Sullens v. State, 191 Miss. 856, 4 So. 2d 356; Jones v. State, 208 Miss. 762, 45 So. 2d 576. They demonstrate conclusively that Jordan's failure to appear as a witness was a constructive contempt if any offense at all.

▆▆▆ In proceedings involving constructive contempt there must be an affidavit or information setting out the facts alleged to constitute the offense; due notice thereof served upon the accused with the right and opportunity in him to refute the charges on a hearing thereof. Grace v. State, 108 Miss. 767, 67 So. 212; Ex Parte Redmond, supra, and Brannon v. State, supra.

These essentials not having been complied with in the case at bar the judgment of the court was a nullity.

▆▆▆ Later in the term Jordan made a motion to set aside this judgment, and, as one ground thereof, set up a reason for his non-appearance as a witness. There was a hearing upon this motion and testimony was taken explaining his reason for not appearing. The court overruled the motion to set aside the former judgment. The State says this was a waiver by Jordan of the necessity for an information, notice and hearing precedent to the prior order adjudicating him in contempt. We do not think so. The former order was void. The trial court proceeded upon the assumption this was a direct contempt and no information, notice or hearing was necessary. The later motion was simply to set the former judgment aside and the court refused to set it aside. There was no new adjudication of contempt. The court simply let the former void order stand. The later hearing had no retroactive effect as validating the former illegal proceedings. And no charge was ever preferred at either hearing. This was in the nature of a criminal action and affidavit

or information, setting out the alleged acts constituting the offense, was necessary to its validity.

The disposition we have made of the case does not preclude another prosecution of Jordan, by requisite proceedings, if the proper officials see fit to so proceed.

Reversed and appellant discharged.

*Hall, Kyle, Holmes* and *Lotterhos, JJ.,* concur.