227 So.2d 288 (1969)
Martha M. WOOD, Jon Thames and Robert J. Kelly
v.
STATE of Mississippi.
No. 45503.
Supreme Court of Mississippi.
October 20, 1969.
*289 Waller, Pritchard & Fox, Barry H. Powell, Jackson, for appellants.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
This is an appeal by Martha Wood, Jon Thames, and Robert J. Kelly from a conviction of criminal contempt in the Circuit Court of Grenada County. The principal question to be decided is whether misrepresentations and disrespectful language contained in a bill of exceptions constitute direct contempt of court. We hold that it does not and that the contempt, if any, is constructive contempt.
Appellants are members of the bar and they were summarily adjudged in contempt of court as a result of a bill of exceptions filed in the Circuit Court of Grenada County. Martha Wood represented one Robert Johnson who was found guilty of contempt of court because of disorderly conduct committed in the presence of the court. Martha Wood contends that she sought an extension of time to file a bill of exception and was informed by the trial judge that he would not sign any bill of exceptions as one was not necessary to appeal from the order finding Johnson guilty of contempt. Thereafter, Martha Wood filed a bill of exceptions which was signed by Jon Thames and Robert J. Kelly, two attorneys who were present in court when Johnson was sentenced. After the bill of exceptions was filed Martha Wood presented it to the trial judge in open court allegedly for the purpose of trying to get the judge to reconsider and sign the bill of exceptions. After the judge read the bill of exceptions he entered an order adjudging appellants in contempt of court. The order detailed the matters which the court considered contemptuous and it states, among other things:
After reading said petition which was presented by the said Martha M. Wood in open court and considering the within matter, this Court finds and adjudicates as follows:
For the conduct of said attorneys, as aforesaid, and the willful misrepresentation of facts as to what they allege occurred when all three of said attorneys were present in Court, for the disrespectful language to the Court, for the gross lack of fidelity to the Court and their attitude as shown by said instrument, it is ordered and adjudged that each of said parties, Martha M. Wood, Jon Thames, and Robert J. Kelly, are adjudged in criminal contempt and each of them are sentenced to serve a term of sixty days in the County jail and pay a fine of $300.
The entire proceedings in this case were had without notice, without specifications of the grounds which constituted the alleged contempt, and without a hearing. Two of the attorneys who were adjudged in contempt of court were not present when the proceedings were had. If the contents of the bill of exceptions constituted direct contempt, no such specifications and notice were required, but if the contents of the bill of exceptions constitutes constructive contempt, due process requires such specifications, notice and hearing thereon.
In Neely v. State, 98 Miss. 816, 54 So. 315 (1910) this Court in discussing what constitutes direct contempt said:
A direct contempt is a contempt in facie curiae. It consists of such conduct *290 or language on the part of the contemnor as interferes with the orderly administration of justice. It may consist of an open insult, in the presence of the court, to the person of the presiding judge, or a resistance to or defiance of the power and authority of the court. "Misconduct in the presence of the court, which shows disrespect of its authority, or which obstructs or has a tendency to interfere with the due administration of justice, is contempt. Thus, disorderly conduct in the courtroom, or the use of violence, or threatening or insulting language, to the court, witnesses, or counsel, is contempt." 9 Cyc. 18 and 19. (98 Miss. at 819, 54 So. at 316).
The case of Grace v. State, 108 Miss. 767, 67 So. 212 (1915), involved an attorney who without the knowledge or consent of the court made material changes in a motion for a continuance, after the motion had been overruled by the court. When these facts were brought to the attention of the court, Grace was cited to appear and show cause why he should not be punished for contempt of court. Although a hearing was had on the citation, this Court said:
There is no direct contempt (that is, contempt committed in the presence and view of the court) shown by the facts in this case. If there is contempt in what was done, then it is constructive contempt; that is, an act done not in the presence of the court, but which tends to obstruct, interrupt, or embarrass the administration of justice. In constructive contempt there must be a proper foundation laid before process issues, and the application or foundation of contempt must contain a statement of that which constitutes the contempt. Ency. Plead. & Prac. vol. 4, p. 776; Parkhurst v. Kinsman, 2 Blatchf. 76, Fed.Cas.No. 10,759; Ex parte Wright, 65 Ind. 504. (108 Miss. at 772, 67 So. at 212).
Ex Parte Redmond, 159 Miss. 449, 132 So. 328 (1931) involved the question of whether contemptuous language contained in a motion for a new trial filed in the chancery court and presented to the chancellor in open court constituted direct contempt. This Court quoted from two foregoing cases and held that the contempt, if any, was constructive and due process required specification, notice and a hearing. In conclusion the Court said:
Whenever there is any doubt whether the alleged contemnor has been guilty of direct or constructive contempt, the doubt should be resolved in favor of the latter, rather than the former. And especially where the contempt charged is a criminal contempt, as in the present case. The alleged contemnor will thereby be brought into court, and tried on notice and specifications of the grounds of the contempt. (159 Miss. at 454, 132 So. at 330).
Since the foregoing decisions, this Court has carefully adhered to the distinction drawn between direct and constructive contempt. We are of the opinion that the decision in Redmond, supra, is controlling in this case. Here, as in Redmond, the facts constituting the alleged contempt were embodied in a pleading on file in a pending cause and brought to the attention of the Court. Apparently, the trial judge considered the contempt in this case to be direct contempt, although the punishment imposed exceeded the limit authorized for direct contempt. Section 1656, Mississippi Code 1942 Annotated (1956), limits the punishment that may be imposed for direct contempt of court to a fine of $100 and imprisonment to thirty days. This section does not apply to constructive contempt. Melvin v. State, 210 Miss. 132, 48 So.2d 856, 49 So.2d 837 (1950).
In Jordan v. State, 216 Miss. 542, 62 So.2d 886 (1953) we held that where the facts show the contempt to be constructive contempt rather than direct contempt a judgment entered without specifications, notice and a hearing is a nullity. Since the contempt, if any, in the case before us *291 is constructive, the order entered is a nullity and for this reason, this case must be reversed and appellants discharged. However, this disposition does not preclude prosecution of the appellants by proper proceeding, if the proper officials see fit to so proceed.
Reversed and appellants discharged.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.