355 So.2d 677 (1978)
In the Interest of Walter Chester HOLMES, a child.
No. 50458.
Supreme Court of Mississippi.
March 1, 1978.
Yancy & Easley, Cliff R. Easley, Jr., Bruce, for appellant.
A.F. Summer, Atty. Gen., by Henry T. Wingate, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
WALKER, Justice, for the Court:
This is a case arising out of the Youth Court of Grenada County, Mississippi, wherein the minor son of the appellant was adjudicated to be a delinquent child by order of the youth court dated February 16, 1977. Said child, being the age of fifteen years and ten months, was released on probation to his mother, the appellant herein, Annie Woodall Sparks.
*678 On or about March 8, 1977, the youth court counselor of Grenada County filed a petition with the Youth Court of Grenada County in the same cause alleging that the child had violated his probation by getting into a fight at school and being expelled from school, and being away from his home unaccompanied by his mother at 7:30 p.m. on Friday, February 25, 1977. Pursuant to the petition, the youth court judge entered an order setting the petition for hearing at 9:00 a.m. on Monday, March 21, 1977. Process was ordered issued for the child and his mother. On March 21, 1977, the matter came on for hearing. Since appellant was present in court without her minor child, the court ordered the matter continued until April 8, 1977, and further ordered appellant to have the child present at the next hearing under the penalty of contempt for failure to do so.
On April 8, 1977, the mother appeared before the youth court without her son.[1] The court summarily found the appellant in contempt of the order of the court for failing to appear with her son and ordered her to be committed to the Grenada County jail "until said child is brought before this Court, or until the further Orders of this Court."
The appellant was then confined in the Grenada County jail until April 13, 1977, when counsel for appellant, who had been hired by her other children, obtained an order granting her petition for bail from Justice Robertson of this Court.
Appellant advances several assignments of error, all of which are related to her contention that the lower court failed or refused to conduct a hearing or make a record of any type in this case and, therefore, the case should be reversed. We agree.
A contempt of court is either direct or constructive. In Grace v. State, 108 Miss. 767, 67 So. 212 (1914), the Court stated the following with respect to the difference between direct and constructive contempt:
"A direct contempt is an open insult, in the face of the court, to the person of the judges while presiding, or a resistance to its powers in their presence. A constructive contempt is an act done, not in the presence of the court, but at a distance, which resists their authority, as disobedience to process, or an order of the court, such as tends in its operation to obstruct, interrupt, prevent, or embarrass the administration of justice." (108 Miss. at 773, 67 So. at 212 [quoting Ex parte Wright, 65 Ind. 504, 508 (1879)]).
We have previously held that where there is doubt whether the alleged contempt was direct or constructive, it should be regarded as the latter. Wood v. State, 227 So.2d 288 (Miss. 1969); Ex Parte Redmond, 159 Miss. 449, 132 So. 328 (1931).
The action of the youth court in summarily adjudging the appellant to be in contempt and confining her in jail might have been proper if this were a case of direct contempt[2] and if the youth court had made a proper record. However, this was not a case of direct contempt, and, even if it were, this case is deficient in an important respect as there is no record of the contemptuous act.
The state argues that this case is one of direct contempt inasmuch as the court was fully aware of its order of March 21, 1977, commanding appellant to appear before it with her minor son, and the court was also aware of appellant's failure to comply with said order on April 8, 1977. *679 This argument is not well taken. If the appellant secreted her son or left him at home purposely to frustrate the will of the court, absent an admission by her before the court, this must be proved and would be constructive contempt. Her act, if willful, was one which resisted, from a distance, an order of the court, and, therefore, it falls squarely within the definition of constructive contempt quoted above. See State v. Collins, 237 La. 111, 110 So.2d 545 (1959).
Moreover, if it were true that appellant's son ran away from home, without having been encouraged to do so by appellant, she would not be guilty of contempt at all. Prestwood v. Hambrick, 308 So.2d 82 (Miss. 1975); Hansbrough v. State, ex rel. Pittman, County Attorney, 193 Miss. 461, 10 So.2d 170 (1942). In order to determine the truth or falsity of appellant's explanation, the trial court should have afforded appellant a hearing at which she could have the assistance of counsel, the right to call witnesses, the right to be heard in her own behalf, and the right to make a record. Wood v. State, supra; Ex Parte Wisdom, 223 Miss. 865, 79 So.2d 523 (1955).
Further, even if this were a case of direct contempt, the appellant should have been permitted to state her defense for the record so that the case might be reviewed properly on appeal. Ex Parte Redmon, 156 Miss. 582, 126 So. 485 (1930).
In conclusion, we would note that upon remand, the burden of proof to establish that contempt has been committed is on the party asserting that it has. Prestwood v. Hambrick, supra. Further, in a proceeding for criminal contempt, evidence of guilt must be established beyond a reasonable doubt. Id.
For the foregoing reason, the cause is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] She alleges on appeal here that she told the judge she was unable to have her son in court that day because he had left home, and she did not know where he was; however, this is not reflected in the record.
[2] In general, one who is guilty of direct contempt "... may be punished instantly by arrest and fine or imprisonment, upon no farther proof or examination than what is known to the judges by their senses of seeing, hearing, etc... . ." Grace v. State, supra; 17 C.J.S. Contempt § 62(2) (1963). However, at least where the contemptuous conduct consists of a personal attack upon the court, the judgment of contempt must be instantaneous; otherwise the matter should be tried by another judge. Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).