512 So.2d 886 (1987)
Steve VARVARIS, Sr.
v.
STATE of Mississippi.
No. 57139.
Supreme Court of Mississippi.
September 2, 1987.
Petition for Rehearing Denied September 16, 1987.
Alvin M. Binder, Lisa B. Milner, Binder, Milner & Milner, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
A conviction of direct criminal contempt of court is the subject matter of this appeal. In the County Court of Hinds County, Mississippi Steve Varvaris, Sr., appellant here, was found to be in direct criminal contempt of court by the county court *887 judge. Varvaris was sentenced to 30 days in jail and fined $100. On appeal Varvaris asserts the following errors:
(1) Appellant was denied due process of law when the trial court judge sat as judge in the contempt hearing; subsequently acted as a witness to the contempt; and used his own testimony as the sole basis for his ruling.
(2) The trial court erred in ruling that the appellant was guilty of contempt of court beyond a reasonable doubt;

I.
On the morning of January 16, 1986, Varvaris testified as a witness in county court in a habeas corpus hearing for his son. Upon his dismissal from the witness stand, Varvaris began talking in a loud voice. Despite objections from the Assistant District Attorney Mike Wallace and instructions from his own attorney, Varvaris continued talking. County Judge James D. Bell saw Varvaris look at Wallace and heard Varvaris say "If you keep messing with my boy, I'm gonna blow your goddam brains out, m____r f____r." Judge Bell then charged Varvaris with criminal contempt of court.
Several hours later Varvaris, with his attorney and the assistant district attorney, was brought before Judge Bell at which time Judge Bell stated,
You're here under my order and at my direction for the charge of direct criminal contempt of court for a statement you made in an outburst at a hearing this morning. I had wanted to give you an opportunity if you choose to take that opportunity, to explain your statement.
Varvaris claimed he did not threaten the assistant district attorney but had merely repeated the former threats made by police to his son. Mrs. Varvaris and a Mr. Harding appeared as witnesses and corroborated Varvaris's story.
Relying on his own recollection of events that occurred in his presence, Judge Bell recited for the record those events and adjudged Varvaris in direct criminal contempt of court. Varvaris was sentenced to serve 30 days in the Hinds County Jail and to pay a $100 fine. Varvaris now appeals.

II.
The distinction between civil contempt from direct or indirect criminal contempt was discussed in Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977), as follows:
"If the purpose of the proceedings is to coerce action or non-action by a party, the order of contempt is characterized as civil. This type contempt proceeding is ordinarily instituted by one of the parties to the litigation who seeks to coerce another party to perform or cease performing an act. The order of contempt is entered by the court for the private benefit of the offended party. Such orders, although imposing a jail sentence, classically provide for termination of the contemnor's sentence upon purging himself of the contempt. The sentence is usually indefinite and not for a fixed term. Consequently, it is said that the contemnor `carries the key to his cell in his own pocket.' [citations omitted]
"On the other hand, a criminal contempt proceeding is maintained solely and simply to vindicate the authority of the court or to punish otherwise for conduct offensive to the public in violation of an order of the court. Ex Parte Earman, 85 Fla. 297, 95 So. 755 (1923); ..."
... .
"Where the act constituting the contempt is committed in the immediate presence of the court, this contempt is defined as direct. Where an act is committed out of the presence of the court, the proceeding to punish is for indirect (sometimes called constructive) contempt. * * *"
(347 So.2d at pages 424 and 425.)
Mississippi caselaw has also addressed these distinctions. Cook v. State, 483 So.2d 371 (Miss. 1986). A "direct contempt" consists of words spoken or acts done in the presence of the court which tend to embarrass or prevent orderly administration of justice. Jordan v. State, 216 Miss. 542, 62 So.2d 886 (1953). "A direct criminal *888 contempt is one which takes place in the very presence of the judge making all the elements of the offense personal knowledge." And a contempt which is direct, in the immediate presence of the court, may be summarily punished without affidavit, pleading or formal charges. 17 C.J.S. Contempt § 3 (1963). Where the acts of criminal contempt take place in the presence of the court, no evidence or proof other than the court's own knowledge is required. Id. § 122.
There are also statutory directives regarding criminal contempt. Miss. Code Ann. § 9-1-17 (1972) authorizes Supreme, Circuit, Chancery, and County Courts to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed $100 for each offense, nor shall the imprisonment continue longer than thirty days.
In a proceeding for criminal contempt of court, the guilt of the defendant must be established beyond a reasonable doubt. Miss. Code Ann. § 11-51-11 (1972); Prestwood v. Hambrick, 308 So.2d 82 (Miss. 1975).

III.
Was appellant denied due process of law when the lower court judge sat as judge in the contempt hearing; subsequently acted as a witness to the contempt; and used his own testimony as the sole basis for his ruling?
Appellant contends that the judge denied him due process of law when the judge acted as a witness himself and disregarded the testimony of Mrs. Varvaris and Mr. Harding at the hearing. Appellant charges that he should have been given a trial before another judge on the contempt charges, in light of the fact that the judge intended to act as a witness himself, citing Mayberry v. Pennsylvania, 400 U.S. 455, 465, 27 L.Ed.2d 532, 540, 91 S.Ct. 499 (1971); Bloom v. Illinois, 391 U.S. 194, 205, 20 L.Ed.2d 522, 531, 88 S.Ct. 1477 (1968) (where it is plain that a judge is so enmeshed in matters involving the petitioner as to make it most appropriate for another judge to sit, trial before "an unbiased judge" is essential to due process).
The State contends that there was no "trial" on the contempt charge in this case. Judge Bell merely deferred consideration of the matter from the morning to the afternoon that same day. The State argues that Mayberry v. Pennsylvania is distinguishable from the case at bar because in Mayberry, the judge did not act to hold the defendant in contempt until the end of the trial, necessitating that another judge rule on the contempt proceeding. In the case at bar, Judge Bell immediately held Varvaris in contempt of court and it appears that Judge Bell was neither personally involved by the statement nor otherwise "enmeshed" in matters involving Varvaris. Recently in Cook v. State, 483 So.2d 371 (Miss. 1986) this Court held that in cases of direct contempt wherein a personal attack has been made on the court, necessitating instantaneous action, may be dealt with by the judge offended.
Cases of direct contempt, where a personal attack has been made on the court necessitating an instantaneous response, may be dealt with by the judge offended. In other criminal contempt cases, particularly those in which the allegedly contemptuous actions were committed outside the presence of the court and where the trial judge has substantial personal involvement in the prosecution, the accused contemnor must be tried by another judge. Mayberry v. Pennsylvania, 400 U.S. 455, 465-66, 91 S.Ct. 499, 504-05, 27 L.Ed.2d 532, 540 (1971); In re Interest of Holmes, 355 So.2d 677, 678 fn. 2 (Miss. 1978).
There is conflicting authority about whether one charged with direct criminal contempt should even be entitled to a hearing where the contempt is committed in the presence of the court. 17 C.J.S. Contempt § 85(1) (1963). In Johnson v. State, 233 So.2d 116, 119 (Miss. 1970), reversed and remanded, 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971) this Court wrote:
It is well settled that for a direct contempt the offender may be punished instantly without the necessity of any *889 proof. The judge may act upon what he has seen and heard.
In this case Judge Bell cautiously allowed Varvaris the opportunity to explain his statements and his version of events. Due process rights of the appellant were met.
In light of the foregoing, this Court holds that Judge Bell was not disqualified from acting summarily on the direct contempt charge committed in his presence in order to preserve the integrity of the court. Bryant v. State, 363 So.2d 1141 (Fla.App. 1978).

IV.
Did the lower court err in finding that the appellant was guilty of contempt of court beyond a reasonable doubt?
In ruling on this case, Judge Bell admitted that he did not hear exactly what was said prior to Varvaris's outburst at profanity. But Judge Bell did state that the statements of Mr. Varvaris were directed at Assistant District Attorney Mike Wallace as Varvaris left the witness stand.
Appellant submits that the evidence simply was not sufficient to prove him guilty of criminal contempt beyond a reasonable doubt. To support his argument, Varvaris relies on the testimony of the witnesses, Mrs. Estelle Varvaris and William Randolph Harding, who both testified that Varvaris's statements were the mere repetition of what the police officers had said upon the arrest of Varvaris's son.
Varvaris contends that all evidence presented at the hearing indicated that Varvaris was merely repeating words which a policeman said to his son upon his arrest. Varvaris likewise places much emphasis on the fact that the State put no one on the stand to refute the testimony except Assistant District Attorney Robert Taylor, who simply stated that the words spoken were directed to the Assistant District Attorney Mike Wallace. Mr. Taylor was not present at the morning hearing. There was no factual dispute as to the events, only as to purpose. This Court holds, therefore, the proof was beyond a reasonable doubt.
After a review of the record, it appears that Judge Bell's ruling adjudging Varvaris in direct criminal contempt of court should be affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
DAN M. LEE and ANDERSON, JJ., not participating.