McRAE, Justice,
for the Court:
This appeal was perfected from the Chancery Court of Jones County, Second Judicial District, where the appellant, Stanley Lamar, was adjudged to be in contempt of court, fined one hundred dollars ($100.00) and sentenced to thirty (30) days in jail.
The emotions of litigants running high, they attempted to speed up the legal process and mete out justice by taking a “pound of flesh.” While awaiting a hearing on a child custody case, litigants fought in the foyer to the Jones County courtroom, and in the courtroom, until Chancellor Shannon Clark and others intervened. Two men and one woman were charged by information with direct and constructive contempt. Following a due process hearing before the Chancellor, who placed his personal observation of the fight in the record, the three were adjudged in direct contempt, sentenced to thirty (30) days in jail and fined $100. One of the grapplers appeals, claiming the following errors:
(1) The Chancellor should have recused himself;
(2) The information charging contempt was defective; and
(3) The contempt finding is not supported by the overwhelming weight of the evidence.
Finding no error, we affirm.
FACTS
Stanley Lamar accompanied his wife, Mary Ann, to the Second Judicial District, *130 Jones County Courthouse for a hearing in the case of Lamar v. Watkins on the docket of the Chancery Court, Jones County. Mary Ann sought relief in an ongoing battle against her former husband, and the child’s father (Watkins), involving child support. In the “immediate area of the courtroom” Watkins’ mother, Betty Byrd Watkins, struck Lamar, causing him to stagger. Lamar countered by pushing Betty down. Watkins entered the fray by jumping on Lamar’s back. When separated by the chancellor and others, the men were bloody and Lamar was choking Watkins with a necktie. The fight began in the foyer leading into the courtroom, and actually spilled over into the courtroom.
On July 18, 1990, the district attorney filed a “Motion to Show Cause Why the Respondents Should not be Held in Contempt of Court,” which was heard by Chancellor Clark on August 8, 1990. The chancellor found all three in direct criminal contempt of court and punished each accordingly. Only Stanley Lamar appeals.
I.
Lamar contends on appeal that Chancellor Clark should have recused himself. Not only did Lamar fail to seek this relief in the trial court, he argues the point here in the face of Varvaris v. State, 512 So.2d 886 (Miss.1987), where this Court rejected just such a claim.
II-III.
Lamar also claims the complaint charging him with contempt is defective, and the verdict contrary to the overwhelming weight of the evidence. We 'find the proceedings below complied in all material respects with the applicable law, and the chancellor’s judgment is well supported by the evidence.
Miss.Code Ann. § 9-1-17 (Rev.1991) provides, in pertinent part:
The supreme, circuit, chancery and county courts shall have power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed one hundred dollars for each offense, nor shall the imprisonment continue longer than thirty days.
“Direct contempt” is defined by this court in Varvaris v. State, 512 So.2d 886, 887-888 (Miss.1987):
A “direct contempt” consists of words spoken or acts done in the presence of the court which tend to embarrass or prevent orderly administration of justice. Jordan v. State, 216 Miss. 542, 62 So.2d 886 (1953). “A direct criminal attempt is one which takes place in the very presence of the judge making all the elements of the offense personal knowledge.” And a contempt which is direct, in the immediate presence of the court, may be summarily punished without affidavit, pleading or formal charges.
On appeal we review the record for ourselves to determine whether the alleged contemnor is guilty of contempt. In cases of contempt, we observe the “beyond a reasonable doubt” standard. Premeaux v. Smith, 569 So.2d 681, 683-84 (Miss.1990); Miss.Code Ann. § 11-51-11 (Supp.1991).
Clearly, the lower court afforded Lamar all the process to which he was due, and then some. The record shows beyond a reasonable doubt that Lamar is guilty of direct contempt. Therefore, the charge of contempt against the defendant who attempted to obtain a “pound of flesh” is affirmed.
JUDGMENT FOR CONTEMPT OF COURT AND SENTENCE OF THIRTY (30) DAYS AND $100.00 FINE AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN and BANKS, JJ., concur.