## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 97-CT-01103-SCT

*THOMAS Q. BRAME, JR.*

*v.*

*STATE OF MISSISSIPPI*

#### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/1997 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES WARREN KITCHENS |
| | DANIEL P. SELF, JR. |
| | JEFFERY L. ELLIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | DEWITT L. FORTENBERRY, JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND RENDERED - 2/17/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/9/2000 |

## EN BANC.

## MILLS, JUSTICE, FOR THE COURT:

¶1. Attorney Thomas Q. Brame, Jr. was found guilty of constructive criminal contempt for the attempted spoilation of evidence. The circuit court imposed sanctions upon him which resulted in his removal from the list of circuit court attorneys approved for appointment to indigent cases and from those circuit court cases to which he had already been appointed. The Court of Appeals affirmed, and we subsequently granted certiorari. Because the trial judge improperly equated gross negligence with willful conduct, we reverse and render.

### FACTS

¶2. Pursuant to an appointment by the Jasper County Circuit Court, Attorney Thomas Q. Brame, Jr. undertook to represent James Payton who was charged with possession of cocaine and marijuana. Brame met with Payton the day before trial on March 5, 1997, and after discussing the case with Payton, decided that he needed to view a prescription bottle which allegedly contained residue of cocaine and marijuana. Brame contacted Deputy Homer Kemp of the Jasper County Sheriff's Department and requested to view the bottle.

¶3. Deputy Kemp agreed to meet Brame and Payton in the grand jury room of the Jasper County Courthouse to allow Brame to view the evidence. Upon arrival, they sat down at a table in the grand jury room, and Kemp handed Brame a sealed plastic evidence bag which contained the pill bottle. Brame examined the contents of the evidence bag and then handed it back to Kemp.

¶4. Brame then requested to examine the evidence bag again in order to check the dates on the label of the pill bottle contained in the evidence bag. Kemp handed the bag back to Brame. While Brame was examining the pill bottle for the second time, Kemp accused Brame of trying to remove the identification numbers which had been written on the evidence bag with a pen by rubbing it with his thumb. Brame denied the accusation and told Kemp that he would not make any challenge to the chain of custody of the pill bottle and its contents.

¶5. The next morning, the parties appeared for the trial of Payton's case. However, instead of announcing ready for trial, the State requested a hearing in the trial judge's chambers. The district attorney informed the trial judge of the allegations made by Deputy Kemp and further advised the judge that there was some question as to whether the State could still proceed with the prosecution of Payton's case. The trial court continued the case in order for the State to determine whether it could proceed to trial on Payton's case.

¶6. The State subsequently filed a petition requesting that the trial court determine whether Brame's conduct was contemptuous. A partial hearing was held on this matter on June 13, 1997, and completed on June 27, 1997. The trial court found Brame's conduct to be contemptuous, and as part of its Final Judgment rendered on July 11, 1997, the trial court ordered that Brame be removed from the list of attorneys eligible to receive appointments in criminal cases for a period of one year, and as well as be removed as counsel for any pending criminal cases in which he had already been appointed. Additionally the circuit court ordered that a certified copy of its "Findings of Fact and Conclusions of Law" be forwarded to the Ethics Committee of the Mississippi Bar.

¶7. Brame appealed, and his case was assigned to the Court of Appeals, which affirmed the decision of the circuit court. His motion for rehearing was denied by the Court of Appeals, and he then filed a petition for writ of certiorari which we granted.

## ANALYSIS

¶8. The circuit court's findings of fact and conclusions of law provided in relevant part:

Findings of Fact

(3) that the certain evidence bag involved in the aforesaid cause (and this matter) was delivered to the Respondent for inspection by Homer Kemp at the Jasper County Courthouse in Bay Springs, Mississippi on or about the 5th day of March, 1997;

(4) that the certain evidence bag involved herein had certain identifying numbers affixed thereon by the Mississippi State Crime Laboratory when received into Respondent's possession;

(5) that Respondent has handled such evidence bags on numerous occasions and was aware that he was to exercise reasonable, if not utmost, care in handling the same so as to maintain such evidence in the same condition as he received it;

(6) that when the Respondent returned said evidence the aforesaid bag to Kemp, the subject numbers had been substantially erased.

Determinations

(1) that the gross negligence of the Respondent in handling the subject evidence bag evidences willful disregard for preservation of the same and is tantamount to intentional attempted spoilation of said evidence;

(2) that for such intentional attempted spoilation of evidence, the Respondent should be adjudicated in constructive contempt as defined in *Coleman v. State*, 482 So.2d 221 (Miss.1986), in that the aforesaid attempt was "calculated to impede . . . administration of courts of justice . . .(supra, at page 222);

(3) that preservation of evidence is essential to the administration of justice in the courts; and

(4) that sanctions should be enrolled against the Respondent to punish and deter such conduct . . .

¶9. It should first be noted that Brame was found to be in constructive contempt.

Conduct directed against the court's dignity and authority is criminal contempt. *Lawson v. State*, 573 So.2d 684, 686 (Miss.1990). It involves an act which brings the court into disrepute or disrespect. *Purvis v. Purvis*, 657 So.2d 794, 797 (Miss.1994)(citing *Lawson*, 573 So.2d at 686). "Constructive contempt is an 'act calculated to impede or embarrass, obstruct, defeat, or corrupt administration of courts of justice when the act is done beyond the presence of the court.'" *Lawson*, 573 So.2d at 686 (quoting *Coleman v. State*, 482 So.2d 221, 222 (Miss.1986)).

*Terry v. State*, 718 So.2d 1097, 1102 (Miss. 1998).

¶10. In the present case, the Court of Appeals held:

Attorney Brame argues that the State failed to prove beyond a reasonable doubt that he committed an act of constructive criminal contempt.

Constructive contempt is defined as "any act calculated to impede, embarrass, obstruct, defeat, or corrupt administration of courts of justice when the act is done beyond the presence of the court." *Coleman v. State*, 482 So.2d 221, 222 (Miss.1986).

To establish constructive criminal contempt, the State presented one witness, Deputy Kemp. Deputy Kemp's sole testimony centered around the fact that he saw Attorney Brame forcefully rub some of the pen markings from the plastic evidence bag. Though Attorney Brame denied having intentionally removed any markings from the plastic bag, the trial judge, as the trier of fact in this case, chose to believe Deputy Kemp's testimony rather than Attorney Brame. The trial judge made detailed findings of fact which were supported by the record, and this Court, therefore, defers to his findings. There is evidence in the record from which the trial court could conclude that Attorney Brame committed an act which was calculated to impede, embarrass, obstruct, defeat or corrupt the administration of courts.

Finding no error in the instant case, this Court affirms the circuit court judgment.

1999 WL 311335, at *2 (Miss. Ct. App. May 18, 1999).

¶11. In *Terry v. State*, 718 So.2d 1097 (Miss. 1998), we set forth the standard of review in criminal contempt cases:

> "[T]his Court proceeds *ab initio* to determine whether the record proves the appellant guilty of contempt beyond a reasonable doubt." *Purvis*, 657 So.2d at 797; citing *Lamar v. State*, 607 So.2d 129, 130 (Miss.1992). The burden of proof to establish that contempt has been committed is on the party that is asserting that it has. *In Interest of Holmes*, 355 So.2d 677, 679 (Miss.1978). In a proceeding for criminal contempt, evidence of guilt must be established beyond a reasonable doubt. *Id.*

> The State must prove that Terry acted in such a manner that was calculated to impede, embarrass, obstruct, defeat or corrupt the administration of justice, when the act is done beyond the presence of the court. *Boydstun v. State*, 259 So.2d 707, 708 (Miss.1972).

*Terry* at 1103.

¶12. In *Purvis v. Purvis*, 657 So.2d 794 (Miss. 1994), we stated:

> This Court is not bound by the manifest error rule when the appeal involves a conviction of criminal contempt. Instead, this Court proceeds *ab initio* to determine whether the record proves the appellant guilty of contempt beyond a reasonable doubt. *Lamar v. State*, 607 So.2d 129, 130 (Miss.1992); *Premeaux v. Smith*, 569 So.2d 681, 683-84 (Miss.1990); *see* Miss. Code Ann. § 11-51-11 (Supp.1994) (general statute pertaining to contempt appeals).

*Purvis* at 797.

¶13. We therefore find that the Court of Appeals erred when it reviewed the present case pursuant to the manifest error rule. In addition, the record does not support a finding of criminal contempt. In *Mizell v. Mizell*, 708 So.2d 55 (Miss. 1998), we explained:

> Contempt can only be willful. "A contempt citation is proper only when the contemner has **wilfully and deliberately** ignored the order of the court." *Cooper v. Keyes*, 510 So.2d 518, 519 (Miss.1987), citing *Millis v. State*, 106 Miss. 131, 63 So. 344 (1913). It is a defense to a contempt proceeding that the person was not guilty of willful or deliberate violations of a prior judgment or decree. *Dunaway v. Busbin*, 498 So.2d 1218 (Miss.1986).

*Mizell*, 708 So.2d at 64 (emphasis added).

¶14. The circuit court found Brame's conduct to constitute gross negligence. However, gross negligence does not rise to the level of willful conduct which is required to support a finding of criminal contempt. The record does not establish beyond a reasonable doubt that Brame willfully and deliberately rubbed the crime lab markings from the evidence bag, and therefore, lacking proof of willfulness, the evidence is insufficient to support a finding of criminal contempt. We therefore reverse and render the judgments of the Jasper County Circuit Court and the Court of Appeals.

## CONCLUSION

¶15. We find the circuit court erroneously based its finding of contempt on Brame's gross negligence. We further find that the Court of Appeals erred when it applied the manifest error rule to the present case. Finally, we find that the evidence was insufficient to demonstrate that Brame willfully and deliberately rubbed off the pen markings on the evidence bag, and therefore we reverse and render the judgments of the Jasper County Circuit Court and the Court of Appeals.

¶16. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**