## JOHNSON *v.* STATE

No. 43722          November 8, 1965          179 So. 2d 838

*Lampkin Butts,* Laurel, for appellant.

*Delos H. Burks,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

This is an appeal in contempt proceedings. Joe Louis Johnson, appellant, was convicted of constructive contempt in the Second Judicial District of Jones County, Mississippi, and sentenced to serve sixty days in the county jail, and to pay a fine of $150. The jail sentence and $50 of the fine were suspended. The prosecution arose under the following circumstances. During the trial of a criminal case, and at a time when few white men and only two colored men were sitting outside the bar in the courtroom, the county attorney questioned a witness with reference to someone's hiding a pistol, apparently relevant to the case then on trial. He then asked the witness: "Q. This boy right over here sitting . . . sitting out in the courtroom on the right, he was there at the service station with you, wasn't he? A. What boy? Q. This . . . boy that's seated out here in the courtroom, the one on your right? A. I didn't see him at the service station. Q. He wasn't picked

up and brought to the police station that night? · A. Not with us, he wasn't." The witness was then asked: "Q. Are you a brother to Dickey Boy Blakeley? A. No, sir, I'm not a brother to him, not even related to him . . . Q. Is Dickey Boy Blakeley in the courtroom down there? A. . . . I don't see him any place. I know him by sight, but I don't know him personally."

In a short time after the conclusion of the interrogation, the judge recessed the court, the jury left the courtroom, and the judge retired to his chambers. The county attorney was called to the back of the courtroom to talk to persons there waiting to see him. As he passed the two colored men sitting in the courtroom, someone said in a loud voice "Hey you." The county attorney turned around and the defendant said: "Which one of us were you accusing up there awhile ago?" Whereupon, the county attorney announced that he wasn't accusing either, he was referring in his questions to one seated at the witness' right, and thought his name was Coleman. It was said that the defendant then either crouched or stood over the seat where he had been sitting and said in a loud or angry manner: "You had better not accuse me unless I'm sitting there behind the table." In the contempt trial in answer to the question: "By this do you mean to infer to this Court that the man threatened you with any physical harm at that time?" the county attorney said: "He made no direct threat of any physical harm, the only thing that he did was to say in an angry manner, 'You better not accuse me again unless I'm sitting behind that table.' " In the concluding part of the county attorney's testimony, he was asked: "Mr. Pickering, let me ask one other question. Was there at the time of this occurrence any animosity between you and the defendant in this case? A. No, sir, there was not. In fact, I had nothing to do with this matter other than relate it to the District Attorney . . . I had nothing to do with it other than relating what had

occurred.'' He was then asked: ''Now up until the time that conversation was related to the District Attorney, do you know of the existence of any animosity whatsoever between you and the defendant Johnson in this case? A. No, I do not.''

In answer to the summons ''to show cause'', the defendant filed an answer in which he said ''That such conversation was not in the form of a rude, hostile or threatening exchange, nor was it so intended; that no threat or abuse of the county prosecuting attorney occurred, nor did he do anything which should be construed as, an attempt to intimidate the county prosecuting attorney, or any other office of the Court, or the Court itself, in the performance of any official duty. The defendant denies that any act or omission upon his part on the occasion in question was calculated or intended in a substantial or any other degree, to impede, embarrass, obstruct, defeat, or corrupt the administration of this Court in the discharge by them of any official function pertaining to the Court as a Court.'' No witness was offered to corroborate the impression gained by the county prosecuting attorney. Calvin Curtis Coleman, the colored man sitting with the defendant, testified that he did not hear defendant say ''You had better not accuse me unless I'm sitting up there behind the table.'' The defendant testified in his own behalf that he was not angry, that he did not talk loud, and denied that he said: ''Well, you had better watch out who you accuse up there. You had better not accuse me unless I'm sitting up there behind that table.'' The defendant explained why he asked the district attorney why the county attorney was accusing him by saying: ''Well, it was really bringing up this murder or whatever had happened, and a lot of people know me from running the place, you know Johnson Grocery, they know that's . . . they often use the name of the place where Miss Clark was killed, and I don't want that to come up with

my name in it, because they are continuously talking about it up here while they were having the trial, Coleman's trial.''

Mississippi Code Annotated section 1152 (1956) puts the burden on this Court to determine on appeal, ''the question . . . whether the appellant was guilty of contempt; and the sentence or decree order of the court below may be affirmed, reversed, annulled, or modified, according to the judgment of the appellate court.'' In response to this duty, therefore, and after careful consideration of the evidence on appeal in this case, we have reached the conclusion that the testimony does not sustain the burden required to convict appellant.

▉▉ ▉ The defendant was charged with constructive contempt, which is defined as ''any act calculated to impede, embarrass, obstruct, defeat or corrupt the administration of courts of justice, when the act is done beyond the presence of the court.'' Sullens v. State, 191 Miss. 856, 869, 4 So. 2d 356, 360 (1941). See also Evers v. State, 241 Miss. 560, 131 So. 2d 653 (1961). ▉▉ ▉ In a criminal contempt charge, the State must prove the defendant guilty beyond a reasonable doubt. Evers v. State, *supra;* Brannon v. State, 202 Miss. 571, 29 So. 2d 916 (1947).

▉▉ ▉ There is nothing in this record to show that the defendant did an overt act calculated to impede, degrade, obstruct, interrupt, defeat and corrupt the administration of justice. The most that can be said against the defendant in this case is that he was uncouth, tactless, grouchy and gruff, and although his mannerism was embarrassing to the county attorney as an individual, the evidence does not amount to the offensive conduct necessary to establish that defendant impeded, hindered, embarrassed or obstructed the administration of justice, nor do we believe the evidence shows that the majesty of the court was challenged or impinged by the untoward acts of defendant. The judgment and convic-

tion of appellant is therefore reversed, and he is discharged.

Reversed and defendant discharged.

*Lee, C. J., and Patterson, Inzer and Smith, JJ.,* concur.