482 So.2d 221 (1986)
Edwin COLEMAN
v.
STATE of Mississippi.
No. 56075.
Supreme Court of Mississippi.
January 8, 1986.
Cynthia J. Russell, Carnathan, Malski & Ford, Amory, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This case is an appeal from the Circuit Court of Alcorn County, Mississippi, wherein the defendant/appellant, Sheriff Edwin Coleman, was convicted of constructive or indirect criminal contempt of court for failure to incarcerate a felon in the Alcorn County Jail. Coleman was sentenced to serve a term of thirty (30) days in the Pontotoc County Jail and pay a $500 fine, plus all court costs. The thirty day jail term was suspended upon good behavior and payment of the fine and court costs. Appellant appeals the trial court's finding that his action constitutes criminal contempt of court.

I.
Billie Sue Cutchens pled guilty to crimes of fraud by public employee on January 27, 1982. Ms. Cutchens was sentenced to serve two (2) five year terms in the custody of the Mississippi Department of Corrections and was placed into the custody of appellant, Sheriff Edwin Coleman of Alcorn County, Mississippi on February 14, 1982. Ms. Cutchens was never incarcerated in Alcorn County Jail. It was alleged that she was in a hospital in Alabama due to mental and physical problems, but no records from the medical facility were introduced into evidence thereto. On March 8 and April 6, attempts were made to process Ms. Cutchens. She was not in the custody of the Alcorn County Sheriff and on March 8 the investigating officer was informed that Ms. Cutchens was in the hospital. Ms. Cutchens was brought to Parchman on April 27, 1983 to be photographed, fingerprinted and interviewed. On inmate questionnaires completed at processing, Ms. Cutchens denied any history of mental illness or treatment for mental health. She subsequently received an indefinite suspension dated April 20, 1983, by the governor.
On June 7, 1983 a petition for citation of criminal contempt was filed against Sheriff Edwin Coleman. He was found guilty of criminal contempt July 28, 1983.

II.
Did the lower court err in finding appellant guilty of contempt of court?
The parties agree that the act alleged in this case is that of constructive contempt. In Knox v. State, 160 Miss. 494, 135 So. 206, (1931) this Court defined constructive *222 contempt as "any act calculated to impede, embarrass, obstruct, defeat, or corrupt administration of courts of justice when the act is done beyond the presence of the court." See also Jordan v. State, 216 Miss. 542, 62 So.2d 886 (1953); Johnson v. State, 254 Miss. 30, 179 So.2d 838 (1965). In a proceeding for criminal contempt, evidence of guilt must be established beyond a reasonable doubt. In Interest of Holmes, 355 So.2d 677 (Miss. 1978). The burden of proof to establish that contempt has been committed is on the party asserting that it has. Prestwood v. Hambrick, 308 So.2d 82 (Miss. 1975). Under the statute governing appeals from convictions of contempt, the Supreme Court is not held to rule that it will not reverse unless the lower court is manifestly wrong but must decide from the record whether the appellant was actually guilty of contempt. See Miss. Code Ann. § 11-51-11 (1972). Prestwood v. Hambrick, supra.
The appellant argues that the state failed in sustaining its burden of proof to show beyond a reasonable doubt that Coleman wilfully, maliciously and contumaciously refused to comply with the court's order. Claiming that the State only provided evidence that Coleman had not complied with the state's interpretation of the court's order, the appellant contends that there was no evidence whatsoever that the failure was done wilfully, maliciously or contumaciously. Citing Miss. Code Ann. §§ 19-25-69 and 97-9-49, appellant argues that the sheriff has charge of the courthouse and prisoners therein and that the sheriff is authorized to release, for a limited time, those in his custody. This Court agrees with the state, however, which contends that appellant's reliance on §§ 19-25-69 and 97-9-49 is misplaced and that the sheriff does not have the authority to release a prisoner from jail under the circumstances of the case sub judice without procuring a court order allowing such release.
Although appellant may have made a mistake as to his authority to release Ms. Cutchens, he argues that there is no evidence that he wilfully and intentionally refused to abide by the court's decree  the standard required for imposition of criminal contempt as set forth in Prestwood v. Hambrick.
Miss. Code Ann. § 19-25-35 (1972) defining the sheriff's duties, provides:
The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all the sessions thereof with a sufficient number of deputies or bailiffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them.
See also, 60 Am.Jur.2d, Penal and Constructional Institutions, § 9 (1972) and 1 W. Anderson, A Treatise on the Law of Sheriffs, Coroners and Constables (1941) as follows respectively.
The custodian of a prison upon receiving a commitment can do only what the commitment orders him to do, that is, receive and safely keep the prisoner, so that the latter may be thence discharged in due course of law. The duty of an officer in executing the mandate of a judicial order in the nature of a commitment is purely ministerial and his power with respect thereto is limited and restricted to compliance with its terms.
... .
Under common law it is a misdemeanor for sheriff or jailer having lawful charge of a prisoner to voluntarily or negligently permit him to depart from his custody, no matter how short a time the departure might be.
United States v. Hoffman, 13 F.2d 269 (N.Dist.Ill. 1925), affirmed 13 F.2d 278, (7th Cir.1926), also followed this rule, as follows:
In cases where a person is committed to prison pursuant to his conviction of a prison offense, the jailer has no discretion (except in cases of emergency) but to obey the warrant of commitment. He *223 may not rightly consult his own convenience, nor that of the prisoner, and permit the latter to leave the jail and return thereto at pleasure. Persons are committed to jail for the purpose of imposing upon them the penalties they have incurred because of their violation of the law; and it is not for the jailer to remit any part of that punishment. If sickness or other circumstances should arise, which make it proper to grant the prisoner some indulgences, the jailer must apply to the proper authorities for permission to grant the same.
13 F.2d at 271.
The facts of this case and the applicable law above quoted are controlled by and disposed of by another case decided this date. Coleman v. State, 482 So.2d 219 (Miss. 1986) These facts and law compel this Court to conclude that the sheriff's action was criminal contempt of court. His conviction and sentence are hereby affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.