PATTERSON, Chief Justice, for the Court:
Miss. Code Ann., § 19-25-35 (1972), provides:
The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all the sessions thereof with a sufficient number of deputies or baliffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them. (Emphasis added.)
Two charges on “information of criminal contempt of court” were filed in Alcorn *220 County Circuit Court against Sheriff Edwin Coleman by the District Attorney. Both charged he was the Sheriff and Executive Officer of the Circuit Court of that county and bound to execute all orders of the court directed to him. No. 10,993 alleged Coleman willfully, deliberately, and unlawfully violated the court’s orders when he allowed a convicted murderer to be released from custody and leave the jail on several occasions. No. 11,075 alleged Coleman willfully, deliberately, and unlawfully allowed a person convicted of possession with intent to sell of a Schedule I Controlled Substance in excess of one kilogram to be released from custody after trial and leave the jail on several occasions and at various times.
By agreement the proof at trial on the contempt charges was consolidated and showed Coleman had allowed James Lee Tolbert, a convicted murderer, to be released for a weekend in April of 1983, without bond and without a deputy being with him. The release had not been recorded on the jail docket. On two prior occasions, per separate circuit court orders, Tol-bert had been released under bond, and the releases had been recorded.
Proof at trial also showed Bruce Allen Boches was in Coleman’s custody after conviction on drug charges and pending sentencing. On at least two occasions he was released at the request of his attorney and his girlfriend picked him up. On none of these occasions was an entry made in the jail docket book. An Alcorn County Jailer/Deputy testified Coleman had told him Boches was spending those weekends at the Holiday Inn.
The sole issue presented to this Court by Coleman is whether the evidence supported a finding of criminal contempt. Coleman urges that under Miss. Code Ann., § 97-9-49(2), (Supp.1984), he had discretion and authority as the administrator of the jail to allow prisoners to leave. He urges that his exercise of discretion was not criminal contempt as he had not intentionally refused to obey the court’s decree. However, if he was mistaken as to the extent of his authority, such mistake was not with intent and therefore, he was not guilty.
Miss. Code Ann., § 97-9-49(2), (Supp. 1984), became effective subsequent to the actions of Coleman and is of no benefit to him. The statute states:
* * * * * *
(2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who wilfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.
Factually, it does not apply to the actions of Coleman on review herein.
The record establishes that Coleman had previously obeyed court orders in releasing prisoners and recording the ordered releases on the jail docket. It was made quite clear that on the weekends Coleman had allowed Tolbert and Boches to leave the jail, without court order, no jail docket entry had been made to document their absence. This proof shows beyond a reasonable doubt Coleman knew exactly what his duties were; overstepped the bounds of his authority; and is guilty of criminal contempt. There is no evidence to the contrary. We hold proof sufficient and affirm his convictions; $500.00 fine and thirty (30) days confinement on each charge to run concurrently; the thirty (30) days confinement to be suspended upon payment of the fine within thirty (30) days.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.