# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 97-CA-01103-COA

**THOMAS Q. BRAME, JR.**                                                            **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

DATE OF JUDGMENT:               07/10/1997
TRIAL JUDGE:                    HON. ROBERT G. EVANS
COURT FROM WHICH APPEALED:      JASPER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        JAMES WARREN KITCHENS
                                DANIEL P. SELF JR.
                                NANCY A. OLSON
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY:  DEIRDRE MCCRORY
NATURE OF THE CASE:             CIVIL - MISDEMEANOR
TRIAL COURT DISPOSITION:        CONVICTION OF CONSTRUCTIVE CRIMINAL
                                CONTEMPT
DISPOSITION:                    AFFIRMED - 05/18/1999
MOTION FOR REHEARING FILED:     5/28/99; denied 09/07/99
CERTIORARI FILED:               09/20/99; granted 12/09/99
MANDATE ISSUED:

EN BANC:

KING, P.J., FOR THE COURT:

¶1. Attorney Thomas Brame, Jr. was convicted of constructive criminal contempt for the attempted spoilation of evidence. The circuit court imposed sanctions upon him which involved removal from the list of circuit court attorneys approved for appointment to indigent cases and from those circuit court cases to which he had been appointed. Aggrieved by his conviction and subsequent sanctions, Attorney Brame appeals and argues two points of error:

**I. WHETHER THE STATE OF MISSISSIPPI MET THE BURDEN OF PROOF NECESSARY**

**TO PROVE THE DEFENDANT, APPELLANT THOMAS BRAME, JR. GUILTY BEYOND A REASONABLE DOUBT OF CONSTRUCTIVE CRIMINAL CONTEMPT.**

**II. WHETHER UNDER APPLICABLE LAW MR. BRAME COMMITTED AN ACT PUNISHABLE BY CONTEMPT**.

¶2. Finding no error, this Court affirms the circuit court judgment.

## FACTS

¶3. Attorney Brame was appointed by the Jasper County Circuit Court to represent James Payton. Payton had been indicted on one count each of possession of cocaine and marijuana. On March 5, 1997, one day before Payton's trial on these charges, Attorney Brame requested Deputy Homer Kemp of the Jasper County Sheriff's Department to allow him to view the physical evidence involved in Payton's case. The physical evidence consisted of a prescription pill bottle which contained residue of cocaine and marijuana.

¶4. Deputy Kemp granted Attorney Brame permission to view the evidence. He met with Attorney Brame and Payton in the grand jury room of the Jasper County Courthouse. While in the grand jury room, Deputy Kemp handed Attorney Brame a sealed, plastic evidence bag which contained the pill bottle. After examining the pill bottle, Attorney Brame handed the evidence bag back to Deputy Kemp.

¶5. According to Attorney Brame, he again requested to examine the evidence bag to examine the label of the pill bottle. While examining the pill bottle, Deputy Kemp accused him of trying to remove the pen markings which had been written on the evidence bag. Attorney Brame denied having attempted to do so, and stated to Deputy Kemp that he would not make any challenge to the chain of custody of the pill bottle and its contents. Deputy Kemp responded that he would discuss the matter further with the district attorney.

¶6. On March 6, 1997, Payton's case was called for trial. At that time, the State requested a hearing in the trial judge's chambers. At the hearing, the district attorney informed the trial judge that he had received a call from Deputy Kemp. Deputy Kemp had expressed concern regarding the removal of some of the markings on the plastic bag by Attorney Brame. The trial court thereafter granted the State a continuance to determine whether it could proceed to trial on Payton's case.

¶7. On March 17, 1997, the State filed a petition requesting that the trial court determine whether Attorney Brame's conduct was contemptuous. On June 13, 1997, a hearing was held in this matter. On July 11, 1997, the trial court rendered its findings of fact and conclusions of law. In pertinent part, the trial court made the following findings of fact and determinations:

*Findings of Fact*

(3) that the certain evidence bag involved in the aforesaid cause (and this matter) was delivered to the Respondent for inspection by Homer Kemp at the Jasper County Courthouse in Bay Springs, Mississippi on or about the 5th day of March, 1997;

(4) that the certain evidence bag involved herein had certain identifying numbers affixed thereon by the

Mississippi State Crime Laboratory when received into Respondent's possession;

(5) that Respondent has handled such evidence bags on numerous occasions and was aware that he was to exercise reasonable, if not utmost, care in handling the same so as to maintain such evidence in the same condition as he received it;

(6) that when the Respondent returned said evidence the aforesaid bag to Kemp, the subject numbers had been substantially erased.

*Determinations*

(1) that the gross negligence of the Respondent in handling the subject evidence bag evidences willful disregard for preservation of the same and is tantamount to intentional attempted spoilation of said evidence;

(2) that for such intentional attempted spoilation of evidence, the Respondent should be adjudicated in constructive contempt as defined in *Coleman v. State*, 482 So.2d 221 (Miss.1986), in that the aforesaid attempt was "calculated to impede . . . administration of courts of justice . . .(supra, at page 222);

(3) that preservation of evidence is essential to the administration of justice in the courts; and

(4) that sanctions should be enrolled against the Respondent to punish and deter such conduct . . .

¶8. Aggrieved by the court's determinations, Attorney Brame now appeals the circuit court's judgment.

## STANDARD OF REVIEW

¶9. On appeal from an order of contempt, the question on appeal shall be whether the appellant was guilty of contempt. Miss. Code Ann. § 11-51-11(1972).

## DISCUSSION

¶10. Attorney Brame argues that the State failed to prove beyond a reasonable doubt that he committed an act of constructive criminal contempt.

¶11. Constructive contempt is defined as "any act calculated to impede, embarrass, obstruct, defeat, or corrupt administration of courts of justice when the act is done beyond the presence of the court." *Coleman v. State*, 482 So.2d 221, 222 (Miss.1986).

¶12. To establish constructive criminal contempt, the State presented one witness, Deputy Kemp. Deputy Kemp's sole testimony centered around the fact that he saw Attorney Brame forcefully rub some of the pen markings from the plastic evidence bag. Though Attorney Brame denied having intentionally removed any markings from the plastic bag, the trial judge, as the trier of fact in this case, chose to believe Deputy Kemp's testimony rather than Attorney Brame. The trial judge made detailed findings of fact which were supported by the record, and this Court, therefore, defers to his findings. There is evidence in the record from which the trial court could conclude that Attorney Brame committed an act which was calculated to impede, embarrass, obstruct, defeat or corrupt the administration of courts.

¶13. Finding no error in the instant case, this Court affirms the circuit court judgment.

¶14. **THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND COLEMAN, J. BRIDGES, J., NOT PARTICIPATING.**

McMILLIN, C.J., DISSENTING:

¶15. I respectfully dissent. Criminal contempt contemplates a purposeful or intentional act. "There is an implication for a requirement of intentional defiance of the court or a willful act on the part of the contemnor." *Terry v. State,* 718 So.2d 1097, 1103 (Miss. 1998). *See also United States v. Robinson,* 922 F.2d 1531, 1534 (11th Cir. 1991). Criminal contempt does not appear to extend to even grossly negligent behavior. *In re Holland Furnace Co.,* 341 F.2d 548, 553 (7th Cir. 1965). There is authority that *reckless* behavior may support a conviction of criminal contempt, but cases specifically caution that behaving with reckless indifference to one's obligations to the court should not be confused with merely negligent behavior. *United States v. KS & W Offshore Engineering, Inc.,* 932 F.2d 906, 909 (11th Cir. 1991); *Thompson v. United States,* 690 A.2d 479, 482-83 (D.C. 1997). There is, in all events, no accusation or finding that Brame's behavior in this instance was reckless.

¶16. The trial court found that Brame's handling of the evidence packet was grossly negligent. The court then attempted to build a semantic bridge between grossly negligent behavior and intentional behavior. In doing so, the court first reasoned that Brame's gross negligence "evidence[d] a willful disregard for the preservation of [the evidence]." That "willful disregard" was then said to be "tantamount to intentional attempted spoilation" of the evidence. It is for this "intentional attempted spoilation" that Brame was punished.

¶17. The circuit judge's bridge between the two concepts is structurally unsound. Conduct may be grossly negligent or it may be willful, but it cannot be both no matter how artful the attempt to equate the two.

¶18. I would hold that negligent behavior, even if found to be grossly negligent, will not support a charge of criminal contempt. Therefore, I would reverse and render the judgment in this case.

**SOUTHWICK, P.J., AND COLEMAN, J., JOIN THIS SEPARATE WRITTEN OPINION.**