510 So.2d 518 (1987)
William B. COOPER
v.
Edna Blanche Cooper KEYES.
No. 57830.
Supreme Court of Mississippi.
July 22, 1987.
Gregory L. Gore, Hattiesburg, for appellant.
Ann E. Wedding, Billy W. Keyes, Keyes, Moss, Piazza & Woods, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ANDERSON, JJ.
*519 ROY NOBLE LEE, Presiding Justice, for the Court:
William B. Cooper appeals his contempt citation issued by the Chancery Court of Jones County for his failure to convey lienfree a 1977 Cadillac to the appellee. We reverse and render.
The parties were divorced on the ground of irreconcilable differences in August, 1981. According to the terms of the property settlement agreement, Mr. Cooper agreed
That Edna Blanche Cooper, wife, shall have the right, title, and possession to a 1977 Cadillac automobile, and William B. Cooper, husband, shall effect all necessary documentation so as to give unto wife legal and equitable right, title and possession of said automobile.
It is undisputed that Mrs. Keyes had exclusive use and possession of the Cadillac at all times.
At the time of the divorce, Mr. Cooper lived and worked in Saudia Arabia. Because there was a bank installment loan in Mr. Cooper's name outstanding on the automobile, he forwarded to the bank (which held the original title) a power of attorney, assuming the bank would see to the details of reissuing title in Mrs. Cooper's name. That was never accomplished. Mr. Cooper made the installment loan payments and continued insurance coverage until March, 1983, when he learned the Cadillac had been destroyed by fire in November, 1981, and that the insurance benefits had been paid to Mrs. Cooper, who used the proceeds to purchase another car and substituted the new automobile as collateral on the bank loan. Mrs. Keyes instituted this action to recover the final two thousand thirty-eight dollars and thirty cents ($2,038.30) still outstanding on the auto loan in March, 1983. Only the automobile issue is before this Court.
A contempt citation is proper only when the contemner has wilfully and deliberately ignored the order of the court. Millis v. State, 106 Miss. 131, 63 So. 344 (1913). Mr. Cooper took the initial steps to convey title to the automobile. He made car payments and kept the insurance premiums current. At worst he neglected to ascertain that the paper work was completed by the bank. However, there is no evidence that Mrs. Keyes ever complained of the bank's failure to reissue the title. We find no contumacious conduct here, and the finding by the lower court to the contrary is manifestly in error.
Mr. Cooper argues that he was not bound by the property settlement agreement to make payments on the automobile, only to convey title. Any payments made were voluntary. We agree. Obviously both parties knew of the outstanding loan at the time the property settlement agreement was drawn. Had it been their intent that the automobile be delivered to Mrs. Keyes free from all indebtedness, it would have been quite simple to specify that in the agreement. They did not, and this Court will not read that intent into the document.
We agree with Mr. Cooper that Mrs. Keyes comes into court with unclean hands. If this Court chose to infer from the property settlement agreement that Mr. Cooper was liable for all payments on the Cadillac, his responsibility would have been at an end when the insurance company issued its check in an amount in excess of the balance of the loan. Mrs. Keyes' failure to convey information about the automobile's destruction, her use of the insurance proceeds and substitution of collateral without Mr. Cooper's knowledge and consent demonstrate lack of good faith in her dealings with Mr. Cooper.
We cannot agree with Mr. Cooper that he is entitled to refund of all installment loan payments made after November, 1981. He admits that the car payments were voluntarily made, that he wanted to help Mrs. Keyes make a financially smooth transition to single life.
As to the question before us, i.e., the contempt citation on conveyance of title to the 1977 Cadillac and the required payment of $2,038.30, we reverse and render.
REVERSED AND RENDERED.
*520 WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.