569 So.2d 1165 (1990)
E.O. MABRY
v.
Paul HOWINGTON.
No. 07-CA-58891.
Supreme Court of Mississippi.
September 19, 1990.
Rehearing Denied November 21, 1990.
Charles C. Pearce, Everett & Pearce, Decatur, for appellant.
David W. Dreher, Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
This is an appeal by Mabry from a judgment of the Chancery Court of Newton County holding him in contempt of court and imposing a fine and jail sentence. The essential facts are set out below.
Paul Howington, plaintiff below, owned the south half of the two forty-acre tracts which lay north of and adjoining two forty acre-tracts owned by Mabry, defendant below, and his wife. Howington complained that Mabry had fenced in part of the land belonging to him in the west half of his land, farmed or rented it, and he sought to have the fence removed, the line determined, and damages for the use of his land. Mabry answered, denying the allegations about the location of the line and denying *1166 any trespass, and concluded by pointing out that he only owned a one-half interest in the land, the other half being owned by his wife, Pauline. He moved to dismiss on the ground of her non-joinder, saying that she was a necessary party.
The next thing appearing in the record is an Order to Appoint Surveyor for Establishment of Boundary Line, dated October 1, 1982. This Order recites that it is an agreed order and is approved by the attorneys for both sides. The Order recited that both sides "hereby agree" to accept the line as established by the named surveyor. When the survey came in, Mabry did not agree, saying that there was no meeting of the minds and that there was in fact no agreement. The Chancellor held against Mabry, refused to set aside the Order of October 1, 1982, ordering the survey, and entered summary judgment for the plaintiff. Mrs. Mabry was never made a party; the survey line was adjudged to be the line binding between the parties; the fence was ordered down; the costs of the survey ordered paid; and both parties were ordered to "accept" the line. Mabry appealed, urging, most strongly, that the case could not proceed and the relief should not have been granted in the absence of Mrs. Mabry, who owned 50% of the property and whose homestead it was. Inexplicably and erroneously, we affirmed.
With the record in this shape, we come to the events which give rise to the present appeal. The surveyor's stakes were pulled up in the field. Mabry said he did this so the farming machines would not hit them. There was no proof as to whether this was done before or after the entry of the judgment. There was a verbal confrontation on the public road near the defendant's house when the plaintiff, a father and son named Alexander, and a man named Walton were about to "run a line" to describe a tract which one of the Alexanders desired to give to his daughter. The land lay north of Howington's land but apparently they were looking for a known point from which to start the survey, and Mabry saw them together on the road near his home and feared some kind of intrusion. At any rate, he went out to the group, armed with a survey plat, and in high dudgeon, to protest any possible entry on his property or his wife's. He spoke unkindly of his lawyers and of the court and indicated that he had a "smoking stick" at home to stop them, those he considered the prospective trespassers. Apparently there was only a verbal exchange, and the group left without further incident.
Mrs. Mabry sought to intervene in the present action, but was not allowed to do so because she was not a party in the earlier proceedings. The Chancellor would not admit her testimony, but allowed proffer to be made. Mrs. Mabry said that she owned a half interest in the lands and that it was her homestead. Mabry, the defendant, also testified that the land was their homestead. There is no dispute about this point.
The court should have, of course, required that all persons required for an effective decision in the boundary action be made parties to the suit, before proceeding. Mrs. Mabry was known to be one of the owners, but, inexplicably, she was not brought in. The fact was set out in the answer, and was never denied. Clearly she was a necessary party, readily available to process, within the territorial jurisdiction of the court. Miss.R.Civ.P. 19.[1]
The suit involved the boundary of her land. It was her homestead, and her husband could not make any binding agreement without her participation. He could not sell it, mortgage it, lease it, or otherwise encumber it without her. See Welborn v. Lowe, 504 So.2d 205, 207 (Miss. 1987) (conveyance of homestead without spouse's joining in execution of deed is absolutely void and no subsequent action by nonjoining spouse cures invalidity of it); Mosley v. Clark, 362 So.2d 615, 617 (Miss. 1978) (deed to homestead executed by husband only was void). As to her, the judgment *1167 was wholly void and without effect. Certainly it is arguable that had Mabry actually violated the terms of the judgment he could be held in contempt because of his duty towards the court. On the other hand, because it is a homestead in question, he was certainly not in a position to make an agreement with respect to it without his wife's signature.
In the light of the foregoing we turn now to the specific arguments raised by Mabry on this appeal. Since the fourth assignment is decisive we shall not examine the other three. Mabry's fourth argument is that criminal contempt was not proven beyond a reasonable doubt.
The Contempt Judgment rendered in this case dated January 5, 1988, ordered Mabry to serve thirty days in the county jail, pay $1,500 in attorney's fees, expenses in the amount of $127, plus court costs. Because Mabry's confinement was noncoercive in nature, he was held in criminal contempt.
[T]he terms "criminal contempt" and "civil contempt" refer to the nature of the proceedings and the nature of the sentence meted out. A case tried under all the rules for criminal proceedings, in which the defendant is given all of the criminal due process, and sentenced to a certain term in jail, is clearly a criminal contempt case, even though the act of contempt is the violation of an injunction in a civil case. Likewise, if the case is tried under ordinary civil procedure, and the court orders the defendant to jail until he complies with the decree, the contempt proceeding is clearly a civil one.
D. Dobbs, Law of Remedies 97 (1973).
Since Mabry's confinement was punitive in nature, then Howington had to prove his case beyond a reasonable doubt. Miss. Code Ann. § 11-51-11(4) (Supp. 1990). See also Varvaris v. State, 512 So.2d 886 (Miss. 1987) (each element of criminal contempt must be proved beyond reasonable doubt); Cook v. State, 483 So.2d 371, 374 (Miss. 1986) (same). It is within our scope of review to determine whether or not this burden was met, and we need not find the chancellor to be manifestly wrong in order to overturn his ruling. Prestwood v. Hambrick, 308 So.2d 82, 85 (Miss. 1975).
Howington first contends that Mabry, through continuous farming operations, has refused to disassociate himself from the land as evidenced by a half acre of cultivated beans. However, it was uncontradicted at trial that the land was leased by a Mr. Hitt some six years prior to the judgment, and the record is devoid of any proof that Mabry aided Mr. Hitt in the farming.
Second, Howington alleges that Mabry moved the property line stakes in violation of the judgment. Mabry testified that he moved the stakes, which were located in the bean field, so that the farming machinery would not run over them.
Third, Howington complains that Mabry has violated his right to quiet enjoyment by threatening him and others. Howington is no doubt referring to the altercation between himself, Mabry and the Alexanders, and although Mabry's reference to a "smoking stick" may have been offensive, he did not have a gun and therefore posed no threat to Howington and the others. There is no testimony that they felt so threatened as to abandon their purpose.
We hold that Mabry's antagonistic behavior, although certainly imprudent and unwise, did not amount to contemptuous conduct and the lower court erred in holding him in contempt. Additionally, Howington did not prove beyond a reasonable doubt that Mabry violated the judgment in question.
REVERSED and APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The effective date of the Mississippi Rules of Civil Procedure was January 1, 1982. Therefore, since the complaint regarding the boundary dispute was filed April 23, 1982, then Miss. R.Civ.P. 19 was applicable.