KING, P.J.,
for the Court:
¶ 1. This action arose from Cynthia D. Bond’s complaint alleging Charles S. Pier-pont failed to pay child support and medical bills pursuant to the couple’s May 1983 divorce decree. The Jackson County Chancery Court heard this matter on April 11, 1996. On July 31, 1996, the trial court entered a judgment which found Pierpont was $23,850 in arrears in child support obligations, assessed $11,686.03 interest on this amount, awarded Bond $3,200 reimbursement for health insurance premiums and an additional $2,000 as reimbursement for medical bills. The trial court amended the judgement to set aside the $2,000 reimbursement for medical bills. The court also found Pierpont to be in contempt and directed his incarceration in the Jackson County Adult Detention Center for a period of ninety days.
¶ 2. This sentence of ninety days incarceration was to be suspended pending payment of this judgment through a withholding order for $400 per month. Until November 1, 1997, when the minor child would reach the age of majority, the withholding was to be divided equally between current support and the arrearage. Thereafter the entire sum was to be devoted to the arrearage.
¶ 3. On June 25, 1997, Bond filed a motion for contempt alleging that Pierpont had failed to pay $3,676.54 required by the July 31, 1996 judgment. On July 22, 1997, the trial court found Pierpont in contempt and ordered that he be incarcerated until he purged the contempt by paying $37,-763.03. On August 1, 1997, the trial court entered an order finding Pierpont had been incarcerated for eleven days, ordered him released, and set the matter for review during its October 1997 term of court. The record does not indicate that this review occurred.
¶ 4. Pierpont appeals asserting that the trial court erred in: 1) finding him in civil contempt for failure to pay the back child support and medical expenses, 2) refusing to terminate child support payments, and 3) finding him in criminal contempt.
ANALYSIS
1. DID THE TRIAL COURT ERR IN FINDING PIERPONT IN CIVIL CONTEMPT?
¶ 5. Pierpont contends that the trial court should not have found him in contempt because Bond “changed her address on multiple occasions without informing [him] and kept her phone number a secret to prevent visitation with the child.” Pierpont is correct that a parent should not be held in contempt for failure to pay child support when a custodial parent has secreted the child and prevented visitation, Cunliffe v. Swartzfager, 437 So.2d 43, 46 (Miss.1983). However, the record does not reflect that Bond hid from Pierpont. When Pierpont failed to pay support or kept Jeremy beyond the allotted period of visitation, Bond denied him visitation. Pierpont then retaliated by withholding child support and ceasing to visit.
¶ 6. A non-custodial parent may not unilaterally withhold payment of support because of a dispute with the custodial parent. When the parties cannot effectuate visitation the appropriate remedy is to seek the assistance of the court. Thurman v. Thurman, 559 So.2d 1014, 1016 (Miss.1990).
¶ 7. While the coercive effect of withholding child support may, when appropriate, be used to encourage the allowance of visitation, its use is only available upon approval of the court.
¶ 8. Pierpont chose not to seek the assistance of the court, but rather to merely disregard the orders of the court. Such disregard is conduct for which the court could, and did, properly find him in contempt.
2. DID THE TRIAL COURT ERR IN REFUSING TO TERMINATE SUPPORT?
*845 ¶9. Pierpont contends that the trial court erred in holding he was obligated to pay $200 per month in current child support because Jeremy was emancipated. Emancipation has been defined as:
the freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent’s legal obligation to support it.
Pass v. Pass, 238 Miss. 449, 454, 118 So.2d 769, 771 (1960). See also Caldwell v. Caldwell, 579 So.2d 543, 549 (Miss.1991); Miss. Code Ann. § 93-5-23 (Supp.1998).
 ¶ 10. Both Pierpont and Bond described Jeremy as being emancipated. The question of when a minor is emancipated is a fact specific question to be determined by the chancellor. Williams v. Rembert, 654 So.2d 26, 28 (Miss.1995). As with other questions of fact, deference is given to the chancellor’s findings. Andrews v. Williams 723, So.2d 1175, 1179 (Miss Ct.App.1998).
¶ 11. The record reflects that Jeremy lived separately and apart from both Pierpont and Bond, but did not live independently of Pierpont and Bond. Both Pierpont and Bond continued to provide support to Jeremy.
¶ 12. Because there is evidence in the record which reflected that Jeremy remained partially dependent, this Court cannot say the trial court was. manifestly in error in not terminating support.
3. DID THE TRIAL COURT ERR IN HOLDING PIERPONT IN CRIMINAL CONTEMPT?
¶ 13. In this assignment of error, Pier-pont apparently contends he was found in criminal, rather than civil, contempt. In Premeaux v. Smith, 569 So.2d 681, 683 (Miss.1990), the supreme court reiterated that criminal contempt is a remedy courts can impose when an individual wilfully violates the court’s directive.
¶ 14. However, Pierpont confuses “civil” and “criminal” contempt. The supreme court discussed the differences between the two in Mabry v. Howington, 569 So.2d 1165, 1167 (Miss.1990).
[T]he terms “criminal contempt” and “civil contempt” refer to the nature of the proceedings and the nature of the sentence meted out. A case tried under all the rules for criminal proceedings, in which the defendant is given all of the criminal due process, and sentenced to a certain term in jail, is clearly a criminal contempt case, even though the act of contempt is the violation of an injunction in a civil case. Likewise, if the case is tried under ordinary civil procedure, and the court orders the defendant to jail until he complies with the decree, the contempt proceeding is clearly a civil one. D. Dobbs, Law of Remedies 97 (1973).
Since Mabry’s confinement was punitive in nature, then Howington had to prove his case beyond a reasonable doubt. Miss.Code Ann. § 11-51-11(4) (Supp. 1990). See also Varvaris v. State, 512 So.2d 886 (Miss.1987) (each element of criminal contempt must be proved beyond reasonable doubt); Cook v. State, 483 So.2d 371, 374 (Miss.1986) (same).
¶ 15. In this case, Pierpont’s contempt was civil in nature because the trial court’s order expressly stated that he should be released from incarceration if he purged the contempt by paying the judgment previously issued. To the credit of the chancellor it must be noted that he acknowledged his error in holding Pier-pont in criminal contempt in the judgment of July 31, 1996. Having done so, he took the initiative and corrected that error in his order of July 22, 1997. As such, this issue is without merit.
¶ 16. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL, STATUTORY PENALTY, AND INTEREST ARE ASSESSED TO THE APPELLANT.
*846 McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.